## NOGUERAS *v.* LA CORTE MUNICIPAL DE CAYEY.

### SOLICITUD para que se dicte auto de Certiorari.

No. 5.—Resuelto en Diciembre 22, 1904.

CERTIORARI.—APELACIÓN.—El recurso de certiorari no procede para obtener que el Tribunal Superior corrija los errores en que pueda haber incurrido la Corte inferior en un procedimiento, en los casos en que hubiere un recurso ordinario como el de apelación.

ID.—CAUCIÓN PARA•NO TURBAR LA PAZ PÚBLICA.—El recurso de apelación procede contra las resoluciones dictadas por los Jueces Municipales y de Paz en procedimientos sobre caución para no turbar la paz pública.

Los hechos están expresados en la opinión.

Abogado del demandante: *Sr. Benítez Castaño.*

EL JUEZ ASOCIADO SR. HERNÁNDEZ emitió la opinión del Tribunal.

Con fecha cinco de los corrientes el abogado Don Eugenio Benítez Castaños, en representación de Juan Nepomuceno Nogueras y Juan del propio apellido, formuló ante esta Corte Suprema petición de auto de Certiorari, alegando que el primero habia dado cuenta al Capitan de la Policía Insular Don Francisco Cabrera de que el día cuatro de Noviembre último, en el pueblo de Cayey, el individuo Lorenzo Vazquez le habia dirigido palabras insultantes, sin que el referido Capitan adoptara medida alguna para evitar que se repitieran los insultos y provocaciones del Vazquez, quien, alentado así por la impunidad, volvió á insultarlo y á provocarlo en momentos en que se encontraba en compañía de su hermano Juan Nogueras, originándose el altercado consiguiente, por cuyo motivo la Policía los detuvo conduciéndolos al Depósito Municipal y al día siguiente fueron denunciados los tres como perturbadores de la paz pública, al Juez Municipal del referido pueblo, por el mismo Capitan Cabrera, denuncia que dió lugar á que los peticionarios prestaran declaración ante dicho Juez Municipal, relatando los hechos ocurridos y ofreciendo las pruebas

que podían aducir de su inculpabilidad, habiéndoles exigido el Juez la caución de mil dollars para no turbar la paz contra El Pueblo de Puerto Rico, sin cumplir antes con lo prevenido en el artículo 67 del Código Penal y sin tomar el testimonio relativo á la acusación, por lo que siendo ilegal semejante procedimiento, por haberse dejado de cumplir preceptos terminantes del Código citado, en lo que respecta á caución para no turbar la paz pública, suplican á esta Corte expida un auto de Certiorari á fin de que el Juez Municipal de Cayey remita las diligencias instruídas y en su vista se resuelva con arreglo á derecho.

La Ley de la Asamblea Legislativa de 10 de Marzo del corriente año para autorizar autos de certiorari dice en su seccion 1ª.

"El auto de certiorari es un auto expedido por un Tribunal Superior á otro inferior, por el cuál se exige del último la remisión al primero de una copia certificada de las diligencias pendientes en el Tribunal inferior ó los autos de alguna causa ya terminada, en aquéllos casos en que el procedimiento adoptado no esté de acuerdo con las prescripciones de la Ley, y con objeto de terminar los procedimientos cuando el Tribunal inferior rehusare hacerlo fundado en bases erróneas."

No ha podido ser la intención del Legislador dar al auto de Certiorari un alcance tal, que mediante él puedan enmendarse por un Tribunal Superior los errores de fondo ó de forma cometidos en un procedimiento por otro Tribunal inferior, cuando ese fin puede conseguirse por la interposición del recurso ordinario de apelación, pues si se aceptara la doctrina contraria, holgaría y sería supérfluo dicho recurso de apelación en los casos en que está autorizado por la ley.

Es cierto que el Código Penal en su Titulo 6º. establece un procedimiento especial relativo á caución para no turbar la paz pública y que en las secciones de ese titulo se hace caso omiso del recurso que quepa contra la resolución que dicte el

Juez de Paz exigiendo fianza ó caución de que no se turbará la paz contra El Pueblo de Puerto Rico y particularmente contra el denunciante.

Para suplir ese silencio del Titulo 6º. del Código Penal, debe acudirse á la Ley de Enjuiciamiento Criminal que en su artículo 29, reformado por la Ley de la Asamblea Legislativa de 12 de Marzo de 1903 para enmendar, adicionar y derogar artículos del Código de Enjuiciamiento Criminal, prescribe que el acusado podrá apelar en el término de tercero día ante la Corte de Distrito del fallo del que resultare culpable; pero aún en el supuesto de que se entendiera que el Código de Enjuiciamiento Criminal al otorgar el recurso de apelación sólo se refiere de un modo expreso al caso en que por el Juez de Paz se imponga pena de multa ó de prisión ó ambas penas á la vez, tal recurso debe reputarse extensivo al fallo en que se exija caución ó fiianza para no alterar la paz pública, pues el mismo fundamento hay para que así sea y por tanto *eadem debet esse juris dispositio.*

Actualmente en pueblos como el de Cayey el Juez Municipal ejerce las funciones que antes correspondían á los Jueces de Paz y Jueces Municipales en los términos que provee la Ley de la Asamblea Legislativa de 10 de Marzo último reorganizando el sistema judicial de Puerto Rico.

Los peticionarios, pues, han podido interponer recurso de apelación contra la resolución del Juez Municipal de Cayey, y por tanto no cabe expedir el auto de certiorari que solicitan.

*Denegado.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Figueras, MacLeary y Wolf.