# Ex Parte Caraballo.

## Apelación procedente de la Corte de Distrito de Mayagüez.

No. 65.    Resuelto en Octubre 20, 1905.

Interpretación de leyes.—Es un principio de derecho bien establecido que cuando una ley contenga una cláusula derogatoria de todas las leyes ó partes de las mismas que estuvieren en conflicto con sus disposiciones, pero no derogara especialmente la ley anterior sobre la misma materia, se entenderá que todas las disposiciones de dicha ley anterior que no se opusieren á las de la última ley aprobada, quedan subsistentes.

Caución para no turbar la paz.—Jueces de Paz.—Magistrados.—Los Jueces de Paz nombrados de acuerdo con la Ley organizando la Judicatura de Puerto Rico, de 10 de Marzo de 1904, tienen la categoría de Magistrados, y facultades para conocer de un procedimiento sobre caución para no turbar la paz pública.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Rossy, Fiscal.*

La parte apelante no compareció.

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

En 14 de agosto del corriente año, Eugenio Caraba-
llo, por conducto de su abogado, solicitó del Hon. Isidoro
Soto Nussa, Juez del Tribunal del Distrito de Mayagüez,
un auto de *habeas corpus,* alegando que se hallaba preso
en la Cárcel de Mayagüez, en virtud de una orden del
Juez de Paz de Añasco, exigiéndole prestar fianza ó cau-
ción de paz, en la suma de quinientos dollars, que des-
pués quedó reducida á cien dollars, en cuyo defecto ha-
bía de ser encarcelado por seis meses, ó hasta que pres-
tase dicha fianza. El Juez de Distrito expidió el auto de
*habeas corpus;* y después de haber oído el caso, volvió
á poner al preso bajo la custodia del Alcaide; y contra es-
ta resolución se ha interpuesto recurso de apelación para
ante este Tribunal.

Las respectivas partes exponen sus pareceres sustan-
cialmente como sigue:

El suplicante pretende que los Jueces de Paz no tie-
nen jurisdicción para obligar una persona á guardar la
paz:

1.—Porque el cargo de Juez de Paz fué abolido por la
sección 3a. de la Ley para reorganizar el sistema judicial
de Puerto Rico, que fué aprobada en 10 de marzo de
1904. (Véanse las leyes de 1904, páginas 93 y siguientes.)

2.—Que los actuales Jueces de Paz, según la sección 14
de la ley arriba mencionada, tienen solamente jurisdic-
ción en los casos en que la pena no exceda de una multa
de quince dollars, ó prisión en la cárcel por 30 días,
y también en los casos por infracciones de las Ordenan-
zas Municipales

3.—Que aunque los Jueces de Paz pueden actuar como
magistrados para investigar y encarcelar, en la ausen-
cia de los Jueces Municipales, y pueden recibir y oir que-
jas que se presenten con arreglo á la sección 64 del Có-
digo Penal, no pueden declarar culpable al acusado, ni

exigir la fianza prevista en la ley referente á cauciones para guardar la paz.

El Fiscal por otra parte sostiene que los Jueces de Paz tienen jurisdicción en los procedimientos seguidos con arreglo á la ley que exige las cauciones para guardar la paz.

1.—Porque los Jueces de Paz existen hoy, bajo la sección 14 de la Ley reorganizando el sistema judicial de Puerto Rico, aprobada en 10 de marzo de 1904, aunque sus facultades no son tan amplias como lo eran bajo el Código de Enjuiciamiento Criminal, según éste existió con anterioridad á la aprobación de dicho Código.

2.—Que dichos Jueces de Paz tienen jurisdicción en ciertos casos de faltas ("misdemeanors") en que la pena no exceda de ciertos límites; que pueden expedir autos de arresto con motivo de tales faltas, y que en este sentido son magistrados, de acuerdo con el artículo 12 del Código de Enjuiciamiento Criminal. (Véanse las secciones 12 y 13 del Código de Enjuiciamiento Criminal, (Estatutos Revisados, página 673.)

3.—Que los procedimientos por los que se exige fianza para guardar la paz, son procedimientos especiales que la ley coloca dentro de la jurisdicción de los Jueces de Paz, y en cuyos procedimientos no se impone ninguna pena, siendo el único requisito que se dé una fianza para hacerla efectiva bajo ciertas condiciones; y sin la infracción de dichas condiciones no puede confiscarse la fianza, ni ponerse preso al acusado; y en cualquier tiempo después de haber sido preso por la omisión de prestar la fianza exigida, el preso puede obtener su libertad mediante la prestación de fianza. (Véase el título 6 del Código Penal, Estatutos revisados, páginas 536 y siguientes.)

La única cuestión que tiene que resolver este Tribunal, es una cuestión de competencia. El suplicante según en-

tonces manifestó, afirma que el cargo de Juez de Paz, tal como dicho cargo existió bajo el Código Penal, desde el primero de julio de 1902 hasta el primero de julio de 1904, quedó abolido; y que por esta razón los Jueces de Paz, tales como quedaron constituídos, según la sección 14 de la Ley aprobada en 10 de marzo de 1904, y que empezó á regir el primero de julio del mismo año, no tenían facultades para exigir á persona alguna, una fianza para guardar la paz. En otras palabras, que el cambio efectuado por esta última ley, en la organización y jurisdicción de los tribunales de Puerto Rico, había modificado la ley que dispone la prestación de fianzas para guardar la paz, de tal modo que los Jueces de Paz quedaron eliminados de la lista de los magistrados que tienen jurisdicción para intervenir en tales asuntos.

La Ley en Puerto Rico, con respecto á fianzas para guardar la paz, está contenida en el título VI del Código Penal, comprendiendo las secciones 64 hasta 76 del mismo. Esta ley fué tomada casi enteramente, y con muy pocos cambios de las secciones 701 hasta 714 del Código Penal de California. En California, tanto la ley que define los delitos y fija las penas para los mismos, como la que prescribe el modo de proceder, están comprendidas en una sola Acta ó ley llamada el Código Penal. Al adoptar las leyes penales de California, para la Isla de Puerto Rico, la Comisión Codificadora las dividió en dos partes, llamadas el Código Penal y Código de Enjuiciamiento Criminal. Evidentemente fué la intención, poner dicho título en el Código de Enjuiciamiento Criminal, pero por algún accidente ú otra causa, se encuentra en el Código Penal. Esto es evidente por el hecho de que los títulos VI y VII del Código de Enjuiciamiento Criminal comprenden lo que debía estar contenido en un solo título, y el título VI que faltaba, fué suplido mediante la

división del título VII en dos títulos; y es además evidente que esto es así, por el hecho de que en la sección 64 del Código Penal, se hace referencia á la sección 13 la que naturalmente se supondría ser la sección 13 del mismo Código en que se hace la referencia, pero el hecho es que se hace referencia á la sección 13 del Código de Enjuiciamiento Criminal, que contiene una lista de funcionarios que son magistrados en Puerto Rico. Pero esta inadvertencia ó equivocación por parte de los codificadores, no altera la condición de la ley, porque el título disponiendo la prestación de fianzas para guardar la paz, es tanto una ley en el Código Penal, como lo sería si hubiese sido anunciado ó incorporado en el Código de Enjuiciamiento Criminal, en donde propiamente debía hallarse.

La sección 64 de ese Código dice lo siguiente:

"Podrá presentarse queja ó denuncia ante cualquiera de los magistrados que se mencionan en el artículo 13, de que alguna persona ha amenazado atentar contra la persona ó bienes de otra."

En las secciones que siguen á esta, se prescribe lo que debe hacerse con respecto á la queja, y constantemente se hace referencia á lo que deben hacer en el asunto los Jueces de Paz. En efecto, la constante intervención del Juez de Paz es necesaria para llevar á cabo las disposiciones de la ley, y si un Juez de Paz no tiene facultades ó jurisdicción con respecto á cauciones para guardar la paz, entonces este saludable método para la prevención de crímenes ha sido completamente derogado en Puerto Rico.

La sección 12 del Código de Enjuiciamiento Criminal de Puerto Rico, define un magistrado como un funcionario que tiene facultades para expedir un auto de arresto contra una persona acusada de un delito público. La sección 13 dice:

"Son magistrados las siguientes personas:

1.—Los Jueces de la Corte Suprema.

2.—Los Jueces de las Cortes de Distrito.

3.—Los Jueces de Paz.

4.—Los promotores fiscales.''

El auto en el presente caso fué expedido por un Juez de Paz, y debía ser devuelto al mismo, y dicho Juez de Paz, después de haber hecho una investigación, que es de presumir, fué hecha con arreglo á la ley, puso preso al suplicante en la cárcel por falta de una fianza que le había exigido para guardar la paz.

Es evidente por una lectura de esta ley, y especialmente de la cláusula derogatoria de la ley para la reorganización del sistema judicial etc., aprobada en 10 de marzo de 1904, y que se encuentra entre las leyes de 1904, en las páginas 93 hasta 99, que no hubo intención por parte de la Legislatura de alterar el título 6 del Código Penal. En efecto, al leer las dos leyes, y comparándolas la una con la otra, no se encontrará nada en el título 6 que esté en manera alguna en contradicción con la ley para la reorganización del sistema judicial, y, por consiguiente, ninguna parte de dicho título ha sido derogado. Puede ser que una de las cuatro clases de magistrados que existían en la época en que esta ley empezó á regir, ó sea el primero de julio de 1902, haya sido desde entonces suprimida por una subsiguiente legislatura; es decir, por la ley para la reorganización del sistema judicial, pero esto no disminuye la eficacia de dicha ley, porque inmediatamente después fué creada otra clase de magistrados, teniendo las mismas facultades y hasta el mismo nombre, ó sea, jueces de Paz; y estos existen hoy como sucesores de la anterior clase de funcionarios que existían bajo el Código Penal y el Código de Enjuiciamiento Criminal.

Por consiguiente, no importa nada absolutamente para los efectos del cumplimiento del título 6 del Código Penal, que dispone la prestación de fianza para guardar la

paz, si los jueces de Paz, tales como ahora existen, son los mismos funcionarios que existían con anterioridad al primero de julio de 1904, la única cuestión es: ¿son dichos jueces de paz, tales como ahora existen bajo la ley, magistrados, como los definen las secciones 12 y 13 del Código de Enjuiciamiento Criminal? La contestación á esta cuestión es que dichos jueces de paz son funcionarios que tienen facultad para expedir autos de arresto contra personas acusadas por delitos públicos; y, por consiguiente, ellos tienen el mismo puesto en la categoría descrita en la sección 13 del Código de Enjuiciamiento Criminal, como los anteriores jueces de paz; es decir, que están comprendidos dentro de las cuatro clases de magistrados enumeradas por la citada sección.

Es un principio de ley bien conocido, que una ley de la legislatura conteniendo una cláusula derogando todas las leyes ó parte de leyes que sean incompatibles con sus disposiciones, pero que no derogue expresamente la ley anterior sobre la misma materia, deja en vigor todas las disposiciones de la ley anterior que no estén en contradicción con sus disposiciones. Este principio se halla consignado en la causa de *The People* v. *Durick,* 20 Cal. 94. Los hechos de dicha causa son muy parecidos á los de que se trata, en cuanto tratan de una clase de funcionario sucediendo á otra, y esta autoridad, en nuestra opinión, es propia y concluyente.

Por consiguiente, puesto que los jueces de paz, tales como se hallan actualmente constituídos, son magistrados que tienen facultades para expedir autos de arresto contra personas acusadas de delitos públicos, y puesto que bajo el título VI del Código Penal, están obligados á proceder así, en procedimientos de cauciones para guardar la paz, como se ha hecho en el presente caso, el Juez de Paz de Añasco que encarceló al suplicante por falta de una fianza para guardar la paz, procedió con arreglo á su jurisdicción le-

gal, y tenía autoridad para expedir el auto, siendo éste por consiguiente, válido.

En consideración de estas premisas, el suplicante no ha sido ilegalmente encarcelado ó restringido de su libertad, y no puede ser puesto en libertad bajo las leyes de Puerto Rico. Por lo tanto, la orden de la Corte de Distrito poniendo al suplicante nuevamente bajo la custodia del alcaide de la cárcel de Mayagüez, queda confirmada en todas sus partes; debiendo pagar el apelante las costas de esta apelación.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, Figueras y Wolf.