MÉNDEZ *v.* SOTO NUSSA, JUEZ DE DISTRITO.

SOLICITUD para que se expida mandamiento de *Certiorari.*

No. 35.—Resuelto en diciembre 21, 1907.

ALEGACIONES—PRUEBAS—DOCUMENTOS ACOMPAÑADOS Á LA DEMANDA—NEGACIÓN GENERAL.—La autenticidad y otorgamiento de un documento acompañado á la demanda, ó copiado literalmente en la misma, habrán de considerarse admitidos, si en la contestación no se niega *específicamente* y bajo juramento, dicha autenticidad y otorgamiento; una *negación general,* aunque esté jurada, *no es suficiente* para exigir al demandante la prueba de este extremo en el acto del juicio, aunque la demanda no esté jurada.

CERTIORARI—CASO EN QUE PROCEDE—RECURSO ORDINARIO.—El recurso de *certiorari* es procedente en aquellos casos en que, habiendo un recurso ordinario, sea inadecuado para reparar el perjuicio causado, y en que la negativa de aquel recurso pueda envolver un fracaso de los fines de la justicia. Su expedición en todo caso no es una cuestión de derecho, sino de discreción de la corte á que se haga la solicitud.

ID.—ADMISIÓN Ó DENEGACIÓN DE PRUEBAS.—El recurso de *certiorari* no es procedente para revisar resoluciones sobre admisión ó denegación de pruebas.

ID.—JURISDICCIÓN.—Cuando no haya un recurso claro, rápido y eficaz, el *certiorari* es adecuado en los casos en que la corte se haya extralimitado en su jurisdicción al dictar la sentencia ó decisión impugnada; y es asimismo procedente para evitar un evidente fracaso de la justicia por razones de errores en el procedimiento.

Los hechos están expresados en la opinión.

Abogado del demandante: *Sr. José Ramón Freyre.*

EL JUEZ ASOCIADO SR. MacLEARY, emitió la opinión del tribunal.

Agustín Hernández Mena entabló demanda ante la corte municipal de Mayagüez contra Leandro Méndez, fundándola en dos pagarés por noventa dollars cada uno, los que copiaba literalmente en su escrito de demanda, junto con los endosos hechos al dorso de los mismos, por cuyos endosos, dichos pagarés, que eran pagaderos á José Méndez, fueron transferidos al demandante Agustín Hernández Mena. La demanda está fechada en diez y siete de mayo de 1907.

El demandado Leandro Méndez contestó la demanda en once de junio del mismo año, negando todos los hechos expuestos en la misma, y alegando como nuevos hechos que la propiedad de los pagarés reclamados por el demandante pertenecía única y exclusivamente á la sociedad Hernández y Ca., y ofreció probar ese extremo en su oportunidad. Esta contestación estaba jurada, pero no lo estaba la demanda.

Habiéndose dictado sentencia en contra del demandado, se interpuso apelación para ante la Corte de Distrito de Mayagüez, presidida por el Hon. Isidoro Soto Nussa. En 19 de julio, la corte de distrito dictó sentencia á favor del demandante Hernández y contra el demandado Méndez, condenándole al pago de ciento ochenta dollars intereses y costas. Contra esta sentencia no podía interponerse apelación para ante el Tribunal Supremo, toda vez que la cuantía discutida era menor de trescientos dollars, y en su virtud, el demandado Leandro Méndez, no estando satisfecho con la sentencia dictada en contra de él, presentó á este tribunal una petición de *certiorari*, el día doce de noviembre de 1907. Esta solicitud ó petición fué tomada en consideración el día trece del mismo mes, y se expidió el mandamiento, señalándose el día 21 para la vista del caso, en cuyo día tuvo ésta lugar.

El promovente expone como fundamentos de su solicitud de *certiorari,* los siguientes:

"En el acto del juicio, al presentar la parte demandante los dos pagarés, objeto de la acción, el demandado se opuso á la admisión de esa prueba, alegando que el demandante tenía que probar la autenticidad y otorgamiento de los documentos que se presentaban por parte del demandante, como prueba, antes que ellos pudieran ser admitidos como testimonio, alegando que el demandado había negado la autenticidad y otorgamiento de los documentos presentados, en su contestación de fecha 11 de junio de 1907, é invocando en apoyo de su pretensión, el precepto legal del artículo 119 del Código de Enjuiciamiento Civil. Además de haberse negado todos los hechos de la demanda, y haberse hecho esta negación bajo juramento al contestar la demanda, en el acto del juicio reiteramos nuestra oposición á que se admitieran aquellos documentos como prueba, en tanto no se justificara la autenticidad y otorgamiento de ellos.

"La corte admitió los pagarés, y el demandado suplicó que se consignara su excepción; alegando la corte que el motivo que tenía para admitir los pagarés era, que, si bien era cierto que el demandado había negado en su contestación las alegaciones de la parte demandante, tal negación no se había hecho de un modo específico.

"Con fecha 19 de octubre próximo pasado, se dictó sentencia á favor del demandante, á pesar de no haberse justificado, en el acto del juicio, la autencidad y otorgamiento de los pagarés, condenándose al demandado á pagar la suma de ciento ochenta dollars, con los intereses legales desde la interposición de la demanda y las costas."

Antes de entrar en la discusión del caso, debemos decir que la Corte de Distrito de Mayagüez admitió debidamente los pagarés objeto de la demanda. El demandado Leandro Méndez no interpreta correctamente el efecto de su alegación. Una negación general, aunque sea jurada, no exige que se pruebe el otorgamiento de un pagaré, en los casos en que las mismas palabras de éste aparecen copiadas en la demanda, pues para que el demandante esté en el deber de probar el otorgamiento de documentos de esa naturaleza, es necesario negar específicamente el otorgamiento de los mismos. En ninguna parte aparece que el demandado haya hecho tal nega-

ción bajo juramento.   El jura simplemente la negación general que hizo á la demanda.   El caso de autos ha de regirse por el artículo 119 del Código de Enjuiciamiento Civil.   Ese artículo dice así:

"Cuando se entable una acción fundada en un documento, y la demanda contenga copia del mismo, ó ésta vaya unida á ella, la autenticidad y otorgamiento en forma de dicho documento se considerarán admitidas, á menos que se jure la contestación negando dicha autenticidad."

Esta negación debe ser específica y no dejar que se deduzca de los términos de una negación general.

Este artículo de nuestro Código de Enjuiciamiento Civil es copia del artículo 447 del Código de Enjuiciamiento Civil de California; y aunque la misma cuestión aquí debatida no aparece haber surgido alguna vez en aquel estado, hay varias decisiones al efecto de que la omisión de jurar una contestación negando el otorgamiento de un pagaré, copiado literalmente en la demanda, equivale á una admisión virtual de su debido otorgamiento.

*Corcoran* v. *Doll,* 32 Cal., 88.

*Bennett* v. *Stearns,* 33 Cal., 473 y 474.

*County Bank* v. *Greemberg,* 127 Cal., 29.

El artículo de nuestro Código de Enjuiciamiento Civil á que hemos hecho referencia es también idéntico al artículo 3220 del Código de Enjuiciamiento Civil de Idaho; no se ha encontrado decisión alguna de este Estado que sea aplicable al caso, pero en dicho Estado se han anotado las decisiones de California que hacen referencia á este punto.   La misma doctrina ha sido establecida en el Estado de Dakota del Sur. (*Wyckoff* v. *Johnson,* 2 S. Dak., 91.)

Pero ¿procederá el recurso de *certiorari* en un caso como el de autos?   Creemos que nó, en vista del alcance ó extensión que en general tienen las autoridades que hemos examinado.

Los principios generales de derecho que regulan los recursos de *certiorari* han sido materia de mucha discusión judicial y las varias opiniones emitidas no están en completa harmonía. Frecuentemente se ha sostenido que el auto de *certiorari* no procede en los casos en que la ley concede apelación ó recurso por causa de error (*writ of error*) (*Arpin Ex parte,* 2 Dec. P. R., 360, y otros casos resueltos por este tribunal). Y ésta puede ser considerada como la regla general, sujeta, sin embargo, á tantas excepciones que no puede merecer la consideración de ser rigurosamente exacta y universal. Es doctrina bien establecida que el recurso de *certiorari* procede en los casos en que los recursos ordinarios de apelación ó por causa de error sean inadecuados como remedio ó recurso, ya por lo que respecta á la rapidez, ó ya por lo que se refiera á la eficacia del mismo, de tal modo que pueda dar por resultado un completo ó parcial fracaso de la justicia. (*Harris on Certiorari,* sec. 54.) Tales recursos están especialmente sujetos á ser inadecuados ó tardíos cuando el mal realizado ó que amenaza realizarse se refiera á un exceso ó falta de jurisdicción. (Recursos extraordinarios, por *Spelling,* sec. 1918 y 1963.) En verdad, muchas autoridades llegan al extremo de sostener que cuando otros recursos son inadecuados y lleven consigo el peligro de que los fines de la justicia puedan fracasar, puede entonces recurrirse al *certiorari,* no siendo necesario para ello que falten tales recursos. (*Hamilton* v. *Guinotte,* 50 L. R. A., 794, y los casos que se citan en esa opinión así como la amplia nota que se encuentra en las pp. 787 á 801.) Toda vez que es conveniente tener alguna regla fija que gobierne los casos de *certiorari,* creemos que no podemos hacer nada mejor que adoptar ésta, en la forma en que ha sido enunciada por el Tribunal Supremo de Missouri, en la autorizada opinión del Juez Sr. Sherwood, emitida en junio de 1900, y á la que hemos hecho referencia.

Pero á la vez que adoptamos una regla general, no debemos perder de vista el principio, también muy bien establecido, de que el *certiorari* no es un recurso de derecho, sino que puede

siempre concederse ó denegarse á discreción del tribunal que reciba la solicitud.

Pero opinamos además, como hemos expresado anteriormente, que el recurso de *certiorari* no procede en casos como el presente. Jamás se pretendió que sus efectos alcanzaran la admisión ó exclusión de pruebas. Finalmente el auto de *certiorari* será siempre concedido, y la sentencia de la corte inferior será revisada, en los casos en que hubiere excedido su jurisdicción, al dictar su sentencia ó decisión, y cuando no haya otro remedio adecuado, rápido y eficaz ó para evitar que la justicia sea notoriamente frustrada, por motivos de errores de procedimiento.

*Tucker* v. *San Francisco,* 120 Cal., 512.
*Fout* v. *Mason,* 47 Cal, 7.
*Bennett* v. *Wallace,* 43 Cal., 25.
*Miliken* v. *Huber,* 21 Cal., 166.

Puede hacerse referencia también á las siguientes decisiones de nuestro propio tribunal, en las que los principios que regulan la procedencia del recurso de *certiorari* han sido más ó menos discutidos, á saber:

*Battistini* v. *Corte de Distrito,* 2 Dec. de P. R., 310.
*Ex Parte Arpin,* 2 Dec. de P. R., 360.
*Delgado* v. *Cabassa,* 2 Dec. de P. R., 463.
*Mercado* v. *Corte de Distrito,* 2 Dec. de P. R., 543.
*Ex Parte Roselló,* 2 Dec. de P. R., 622.
*Giménez* v. *Corte de Distrito,* 2 Dec. de P. R., 635.
*Arribas* v. *Mirandes y otros,* 2 Dec. de P. R., 686.
*Mesa* v. *Corte Municipal San Juan,* No. 4, en. 25, 1906.
*Barreras y otros* v. *Quiñones,* No. 12, feb. 17, 1906.
*Bonnet* v. *Foote,* No. 18, oct. 8, 1907.
*Suau* v. *Soto Nussa,* No. 32, oct. 22, 1907.
*Forteza* v. *Marshal de la Corte Municipal,* No. 22, dbre. 7, 1906.
*Subirana* v. *Padilla,* No. 20, feb. 15, 1907.

*Sucesión Díaz* v. *Del Toro,* No. 17, feb. 21, 1907.

*Lippit* v. *Aldrey,* No. 24, marzo 13, 1907.

*Porto Rico L. T. Co.* v. *Aldrey,* No. 34, 20 nov., 1907.

El récord de este caso no muestra que el solicitante de este auto haya negado alguna vez especialmente y bajo juramento, ó de otro modo, el otorgamiento de los pagarés objeto de la demanda ó su responsabilidad al pago de los mismos, ó probado que ha sufrido alguna injusticia, por virtud de la sentencia dictada contra él.

Siendo esta nuestra opinión con respecto al caso, el auto de *certiorari* expedido anteriormente debe ser anulado, con las costas al solicitante, y dictarse en este caso, la correspondiente sentencia en ese sentido.

*Casado.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, Figueras y Wolf.