# CASOS RESUELTOS

### EN LA

# CORTE SUPREMA DE PUERTO RICO

---

De Jesús, Peticionario y Apelante, *v.* El Pueblo, Opositor
y Apelado.

## Apelación contra resolución del Hon. Juez Asociado Sr. Hutchison en un recurso sobre *habeas corpus*.

### No. 705.—Resuelto en enero 18, 1915.

Caución para no Turbar la Paz Pública—Mandamiento de Prisión.—La forma del mandamiento de prisión en procedimientos sobre caución para no turbar la paz pública, se halla comprendida dentro de las prescripciones del artículo 70 del Código Penal, no siendo de aplicación en esos casos los preceptos del artículo 327 del Código de Enjuiciamiento Criminal.

Id.—Mandamiento de Prisión—Requisitos—Intención del Legislador.—No es necesario expresar en el mandamiento de prisión en procedimientos sobre caución para no turbar la paz pública, el motivo por el cual se expide el mandamiento, sino el requisito de que se ha exigido previamente al denunciado que prestase fianza para no turbar la paz, puesto que todo lo que la legislatura considera que necesariamente debe saber el alcaide, es el hecho de quedar el denunciado bajo su custodia por no haber prestado fianza.

Id.—Mandamiento de Prisión.—En los procedimientos sobre caución para no turbar la paz pública, no es necesario consignar en el mandamiento de prisión la amenaza específica hecha por el denunciado, por no exigirlo así el Código Penal.

Id.—Acometimiento y Agresión con Circunstancias Agravantes—Alteración de la Paz Pública—Merged.—No se confundieron (*merged*) en los delitos de acometimiento y agresión con circunstancias agravantes o por alteración de la paz pública, las amenazas hechas por el acusado al denunciante, de que iba a darle una puñalada y de que había de matarlo, aunque se dijera en la denuncia que trató de llevar a vías de hecho su amenaza.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. M. Benítez Flores.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

En este caso se exigió al apelante Candelario de Jesús

1

que prestara una fianza o caución para no turbar la paz pública y no habiéndola prestado fué reducido a prisión por orden de la Corte Municipal de Río Grande. El apelante presentó entonces una solicitud de *habeas corpus* al Juez Asociado de este tribunal Sr. Hutchison, ante quien tuvieron lugar todos los procedimientos en debida forma, habiéndose interpuesto esta apelación contra la orden dictada por él denegando la excarcelación del peticionario.

El peticionario alegó que la orden por la cual se decretó su encarcelación era nula por no haber sido dictada de conformidad con las prescripciones de la sección 327 del Código de Enjuiciamiento Criminal que dispone lo siguiente:

"Cuando se haya dictado sentencia que no sea de muerte, se entregará en seguida una copia certificada del original al oficial que tenga la obligación de ejecutarla, y no será necesaria ninguna otra orden ni autorización para justificar o pedir la ejecución."

En general el Código de Enjuiciamiento Criminal es supletorio del Código Penal. Resulta, sin embargo, que todo el procedimiento relativo a caución para no turbar la paz pública está comprendido en el Título VI del Código Penal, y la forma del mandamiento aparece expresada en la sección 70, bajo el mismo capítulo del referido código, a saber:

"SECCIÓN 70.—Si se prestare la fianza exigida de acuerdo con el precedente artículo, deberá ponerse en libertad al denunciado. Si dejare de prestarla, el juez de paz deberá disponer su encarcelación, especificando en el auto la necesidad de la fianza, el importe de ésta y la circunstancia de no haberse prestado."

Como ha sido sugerido por el Juez Asociado Sr. Hutchison, la Legislatura fijó una forma de procedimiento para cuando hubiera de dictarse cualquier sentencia que no sea de muerte y otra para el caso de que el mandamiento que haya de librarse fuere por no prestarse la fianza para no turbar la paz. Las prescripciones de la sección 70 del Código Penal impiden la consideración de los preceptos de la sección 327 del Código de Enjuiciamiento Criminal cuando

la cuestión que ha de considerarse se refiere al mandamiento de prisión por dejar de prestarse la fianza para no turbar la paz, pues la sección 70 es por sí completa y terminante.

El apelante también sostiene que no se cumplió con las prescripciones de la sección arriba transcrita. El error que se alega fué cometido, consiste en que el mandamiento de prisión debió expresar "la necesidad" que había para exigir al acusado que prestara fianza para no turbar la paz. El mandamiento en cuestión es como sigue:

"En la Corte Municipal del Distrito Judicial Municipal de Río Grande, P. R. Estados Unidos de América. El Presidente de los Estados Unidos, S. S. *El Pueblo de Puerto Rico* v. *Candelario de Jesús.* Criminal Número 1789. 'Caución para no turbar la paz pública.' Al Alcaide de la Cárcel de San Juan, Puerto Rico. Habiéndose en esta fecha dictado por mí una orden para que Candelario de Jesús pase a esa cárcel del distrito si dejare de prestar una fianza que por la suma de quinientos dólares ($500) se le señaló vigente por un período de seis meses y como no ha prestado tal fianza por no encontrar fiadores que respondan de las obligaciones de la misma, por la presente se ordena a V. lo reciba bajo su custodia por un período de seis meses, a partir desde la fecha de la presente y lo detenga, en tanto sea legalmente excarcelado, esto es cuando haya prestado la fianza senaládale de acuerdo con el artículo 69 del Código Penal vigente. Fechado en Río Grande, P. R., 22 de julio de 1914. (Firmado) C. García de la Noceda, Juez Municipal de Río Grande, P. R."

El Juez Asociado Sr. Hutchison llamó la atención acerca de la diferencia que existe entre el texto inglés y el castellano del artículo 70, siendo de opinión de que el error a que fué inducido el apelante fué debido a lo deficiente de la traducción. Las palabras en inglés *"specifying in the warrant the requirement to give security,"* han sido traducidas al castellano como sigue: "Especificando en el auto la necesidad de la fianza." El apelante insiste en que el propósito de la ley es el de que en dicho auto debió expresarse cuáles eran las razones que se tuvieron en cuenta primeramente para ordenar a un acusado que prestara fianza para no turbar la paz; en otras palabras, el motivo por el

cual se expide el mandamiento. Insiste también el apelante en el hecho de que no existe verdadera diferencia entre las palabras "necesidad" y *"requirement"* en inglés. En cuanto a esto el apelante ha sufrido un error. Las palabras (*requirement*) "requisito" y (*necessity*) "necesidad," a veces son sinónimas, pero la palabra *"requirement"* puede, sin embargo, hacer referencia a algo que ya se ha ordenado que se cumpla sin que tenga relación alguna con el hecho de la "necesidad" que hay para ello, siendo este precisamente el caso de la sección 70.

Esto aparece un poco más claro de una consideración que hagamos de la sección precedente. La sección 69 prescribe "que si hubiere justo motivo para temer que se cometa el atentado, *se exigirá* a la persona denunciada una fianza o caución," como lo determina la referida sección. La sección 70, que sigue inmediatamente, dispone que si se dejare de prestar la fianza, el juez de paz deberá, entre otras cosas, especificar en el auto la *necesidad* de la fianza; en otras palabras, debe especificar el juez que se ha exigido previamente al denunciado que preste fianza para no turbar la paz. Todo lo que la Legislatura consideró que necesariamente debía saber el alcaide era el hecho de quedar el denunciado bajo su custodia por no haber prestado fianza. En este caso el auto hacía referencia a la orden original por virtud de la cual se le exigió la fianza expresando además que la fianza exigida por el juez municipal no había sido prestada y se denominaba "caución para no turbar la paz pública." No vemos ninguna razón por la que pueda alegarse que con este mandamiento no se informó ampliamente tanto al denunciado como al alcaide de la naturaleza de la orden de prisión. El Código Penal no exige que sea necesario consignar en la denuncia la amenaza específica hecha por el denunciado como tampoco se requiere tal cosa en jurisdicciones que tienen estatutos semejantes. 5 Cyc., 1033.

La alegación que hace el apelante sobre los méritos del caso es la de que los hechos investigados por el juez muni-

cipal hubieran podido constituir un delito de acometimiento y agresión con circunstancias agravantes, o una alteración de la paz pública; en otras palabras, que las amenazas hechas por el denunciado se confundieron con la verdadera comisión del delito. No se ha hecho alegación alguna de que el denunciado hubiera sido declarado culpable ni siquiera procesado por tal delito. Se acusó al denunciado por haberle dicho al denunciante en presencia de otras personas que iba a darle una puñalada, imputándosele además en la denuncia el hecho de haber tratado de realizar sus amenazas, manifestando a la vez que había de matar al denunciante. Esta es una clara y persistente amenaza y el denunciante tenía derecho a ser amparado por el Título VI del Código Penal. El hecho de que intentara el denunciado poner en práctica parte de sus amenazas hace más necesaria todavía la intervención de la justicia preventiva.

Debe confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.