El Pueblo de Puerto Rico, demandante y apelado, *v.* Andrés Franceschi, acusado y apelante.

No. 3799.—*Sometido:* Junio 20, 1929. *Resuelto:* Julio 12, 1929.

*Carlos del Toro Fernández,* abogado del apelante; *F. G. Pérez Almiroty, Fiscal en Comisión,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Arturo Padilla, policía insular, formuló la denuncia que sirvió de base a este procedimiento de caución juratoria seguido contra Andrés Franceschi en la corte municipal de Yauco.

Puesto bajo caución, Franceschi apeló para ante la Corte de Distrito de Ponce y celebrado el juicio de nuevo dicha corte dictó la siguiente sentencia:

"Leída la denuncia, el acusado hizo alegación de inocente. Practicada la prueba de cargo y de defensa, la Corte, por la apreciación hecha de dicha evidencia, considera satisfactoriamente probado que existen motivos suficientes para creer que el acusado Andrés Franceschi pueda llevar a cabo sus amenazas contra la vida de Luis Filión, y ordena la corte que dicho Andrés Franceschi preste fianza de $500.00 comprometiéndose los fiadores en dicha fianza a que el acusado Andrés Franceschi no turbará la paz contra el Pueblo de Puerto Rico y especialmente contra Luis Filión, y si el acusado dejare de prestar dicha fianza, el Alcaide de la Cárcel del Distrito de Ponce, lo retendrá bajo su custodia por el término de seis meses, con las costas a dicho acusado."

No conforme aún Franceschi apeló para ante esta Corte Suprema señalando como único error el cometido a su juicio por el juez de distrito al apreciar la prueba.

En su alegato el fiscal sostiene que no cabe apelar en un procedimiento de esta naturaleza, citando en apoyo de su contención la jurisprudencia de California. Dicha jurisprudencia se resume así:

"No procede una apelación de una orden dictada por un juez de paz exigiendo la prestación de una fianza para garantizar el que no se altere el orden público. Los preceptos estatutorios no contienen disposición alguna para una apelación de tal orden. Por

tanto, la conclusión a que llegue el juez de paz es, en lo que al acusado concierne, la determinación final de los méritos de la controversia, y la orden del funcionario en el sentido de que el acusado permanezca bajo caución contiene todos los elementos esenciales de una sentencia firme. Así, pues, una corte superior no puede anular una orden del juez de paz exigiendo una fianza, sin celebrar juicio, fundando su acción única y exclusivamente en la exposición del caso. Parece que si un magistrado trata de poner en vigor una orden, completamente improcedente, exigiendo una fianza, la persona agraviada debe acudir a un remedio más apropiado que la apelación.'' 4 Cal. Jur. 480.

El apelante contesta que precisamente el recurso ordinario de apelación es el que cabe ejercitar en este caso de acuerdo con lo resuelto expresamente por esta corte en el de *Nogueras. v. Corte Municipal de Cayey,* 7 D.P.R. 576.

No hay duda alguna que esta corte en el caso indicado, en 1904, decidió que era el recurso de apelación el apropiado. No consta que la cuestión se suscitara de nuevo. El fiscal dice en su alegato que sólo ha podido encontrar en nuestras decisiones dos casos más en procedimientos de caución y ellos llegaron a la corte a virtud de autos de *habeas corpus*, a saber: *Ex parte Caraballo,* 9 D.P.R. 326 y *De Jesús* v. *El Pueblo,* 22 D.P.R. 1. Hemos encontrado dos casos más: *Ex parte Solares,* 4 D.P.R. 94 (2ª. ed.) y *Ex parte Rivera,* 11 D.P.R. 361, pero también en procedimientos de *habeas corpus.*

No es sólo la jurisprudencia de California la que sostiene que en ausencia de una expresa disposición estatutoria no cabe apelar en procedimientos de caución. Otros estados han resuelto lo mismo.

*Corpus Juris,* basándose en decisiones de Alabama, Kentucky, Carolina de Norte, Nueva York, Kansas, Indiana y Pennsylvania, dice:

"A menos que el estatuto la disponga, se ha resuelto que no procede una apelación de una orden de un juez de paz exigiendo la prestación de una fianza para conservar el orden público, concediendo las costas, o desestimando la denuncia; pero la orden del

juez de paz puede ser revisada mediante certiorari o habeas corpus. En Pennsylvania la transcripción del juez de paz debe revelar el cumplimiento de los requisitos estatutorios." 9 C. J. 397.

El único estado que se cita como autorizando la apelación por estatuto, es el de Wisconsin.

Refiriéndose al origen y a la naturaleza de la caución, *Corpus Juris* resume la jurisprudencia así:

"El poder de señalar una fianza para preservar el orden público existió en el derecho común de Inglaterra y se considera como parte integrante del derecho común de este país.

"El requisito de la prestación de una fianza para garantizar la preservación del orden público es justicia preventiva y consiste en obligar a aquellas personas de quienes hay razonables motivos para sospechar que observarán una conducta desordenada en lo futuro, a estipular con el público y a prestar una suficiente garantía, por vía de prenda o fianza para conservar el orden, en el sentido de que el delito que se teme no se perpetrará. Debe, sin embargo, observarse que, estrictamente hablando, tales procedimientos no son de carácter criminal aunque participen más de la naturaleza de los procedimientos criminales que de lo civil. Empero, ese procedimiento no es la persecución de un delito cometido, y parécenos que no puede caer dentro de la inhibición constitucional por virtud de una segunda exposición (*jeopardy*) a ser condenado por el mismo delito." 9 C. J. 393.

Una nueva consideración del asunto a la luz de la naturaleza del procedimiento y de las decisiones de los varios estados de la Unión que hemos citado, nos lleva a concluir que no otorgando la propia ley en Puerto Rico el recurso de apelación, tiene razón el fiscal y debe, en tal virtud, desestimarse, por falta de jurisdicción, el recurso.

La intervención de las cortes de primera instancia en esta clase de procedimientos es preventiva. Sus decisiones que en nada prejuzgan la culpabilidad de los acusados, son y deben ser finales para que produzcan los inmediatos y saludables efectos que se propuso el legislador. Si los jueces de paz o municipales se exceden en su jurisdicción o no siguen el procedimiento de ley, el *habeas corpus* y el *certiorari* pro-

porcionan los medios adecuados de intervención por parte de las cortes superiores.

Parece conveniente hacer constar, por último, que la apelación en este caso se interpuso contra la sentencia dictada en grado de apelación por la corte de distrito y, por tanto, sin jurisdicción, siendo ésta una razón adicional para desestimar el recurso.

*Se desestima la apelación.*