JUANA FRANCISCA SEPÚLVEDA Y ROMÁN, peticionaria, *v.* ANGEL ACOSTA QUINTERO, JUEZ DE LA CORTE DE DISTRITO DEL DISTRITO JUDICIAL DE PONCE, P. R., demandado.

No. 680.—*Sometido:* Diciembre 23, 1929. *Resuelto:* Enero 16, 1930.

*Cristino R. Colón,* abogado de la peticionaria; *Agustín E. Font* y *F. Parra Capó,* abogados del juez demandado y del interventor en el pleito principal, respectivamente.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

En este caso se trata de un litigio iniciado por Juana Francisca Sepúlveda contra Rufino Guilliotty Pagán, para que se declarase nula una escritura de compraventa. En el récord aparece una moción firmada por los abogados de ambas partes, por la cual se llega a una transacción declarándose válida y eficaz la escritura de que se trata, y obligándose el demandado a hacer ciertos pagos. La Corte de Distrito de Ponce, ante la que se hallaba el pleito, dictó en él una sentencia por transacción, de acuerdo con los términos de ésta, y la sentencia fué notificada. Cambió entonces de abogado la demandante; y presentó moción para que se dejara sin efecto la sentencia. En la vista de esta moción intervino el abogado Sr. Parra Capó, que antes había representado a la demandante, y que presentó una contestación jurada, acerca de su intervención, y de la forma en que se llegó a la transacción. Se oyó la prueba testifical que se presentó, y se unió la documental. Y el juez Sr. Acosta Quintero, dictó una resolución, por la que declaró que la sentencia de que se trata, es definitiva y final; que contra ella no se interpuso recurso alguno; que la transacción que fué base de la misma, es correcta, y tiene autoridad suficiente; y declarando sin lugar la moción. Del récord aparece que en 5 de noviembre de 1929, Juana Francisca Sepúlveda apeló de la resolución dictada, para ante este Tribunal Supremo, y luego pidió transcripción de la evidencia. En 6 de noviembre de 1929, la misma apelante formuló su petición de *certiorari* acerca de la que resolvemos.

Tenemos, pues, como primer elemento de estudio, el hecho

de que la misma resolución es objeto de dos recursos; el de apelación, y el *certiorari*. Sobre este extremo se llama nuestra atención por los demandados e *interventores*.

Creemos conveniente señalar aquí el evidente abuso que se está haciendo en relación con los procedimientos especiales. Es muy frecuente abandonar los procedimientos ordinarios de la ley, para acogerse a los especiales, sin recordar que éstos requieren la existencia de circunstancias extraordinarias para la justificación de su uso.

En el recurso de *certiorari,* la cuestión de jurisdicción, y la de procedimiento son las determinantes. Y cuando la parte tiene un remedio legal adecuado, y no se demuestra que ese remedio sea de tal suerte tardío que sin acudir a otro procedimiento se perjudicarían los fines de la justicia, no usan los tribunales de su discreción en el sentido de abrir paso a los remedios extraordinarios, sino en el de dar vigor a los corrientes en la ley.

Se ha dicho por este tribunal:

"No ha podido ser la intención del Legislador dar al auto de *certiorari* un alcance tal, que mediante él puedan enmendarse por un tribunal superior los errores de fondo o de forma cometidos en un procedimiento por un tribunal inferior, cuando ese fin puede conseguirse por la interposición del recurso ordinario de apelación, pues si se aceptara la doctrina contraria, holgaría y sería superfluo dicho recurso de apelación en los casos en que está autorizado por la ley." *Nogueras* v. *Corte Municipal de Cayey,* 7 D.P.R. 576.

Es verdad que esta doctrina no es de tal manera estricta que no permita acudir al *certiorari* siempre que existe el recurso de apelación. Pero en los casos decididos por este tribunal admitiendo que se puede utilizar ese procedimiento, aun habiendo el de apelación, se ha establecido claramente cuál debe ser la situación que lo autorice. Y se ha dicho:

". . . Es doctrina bien establecida que el recurso de *certiorari* procede en los casos en que los recursos ordinarios de apelación o por causa de error sean inadecuados como remedio o recurso, ya por lo que respecta a la rapidez, o ya por lo que se refiera a la eficacia

del mismo, de tal modo que pueda dar por resultado un completo o parcial fracaso de la justicia." *Méndez* v. *Soto Nussa, Juez,* 13 D.P.R. 379.

Y después, se dijo:

"En repetidos casos hemos declarado que no es procedente el recurso extraordinario de *certiorari* cuando la ley concede el recurso ordinario de apelación, a menos que ésta no resulte en el caso adecuada, rápida y eficaz para los fines de la justicia, circunstancia que no se nos ha demostrado que concurren en el presente caso . . . *Guevara* v. *Corte de Distrito,* 37 D.P.R. 956.

Y en otro caso:

"La apelación que se alega en la petición que ha sido establecida contra la orden preliminar de *injunction* parece que sería un obstáculo para tomar en consideración y resolver la petición de *certiorari.* Sin embargo, el principio general de que habiendo el recurso ordinario de apelación no cabe el de *certiorari* no es tan absoluto. En el caso de la Núñez v. Soto Nussa, *supra,* fué una cuestión muy bien debatida y se resolvió que en dicho caso concreto la apelación no era un obstáculo para que procediera el auto de *certiorari.* En este caso se cita la regla adoptada por la Corte Suprema de Missouri, que dice:

" 'La existencia de un remedio mediante apelación o recurso por causa de error no es suficiente para constituir un obstáculo al auto de *certiorari,* a menos que dicho remedio sea adecuado para llenar los requisitos del caso; es decir, que sea igualmente beneficioso, rápido y suficiente, no meramente un remedio que algún tiempo en lo futuro efectuará la revocación de la sentencia recurrida, sino un remedio que librará al peticionario, de un modo rápido, de los efectos perjudiciales de la sentencia y de los actos de la corte o tribunal inferior.'

"Este caso está comprendido dentro de la anterior doctrina, porque habiendo la corte inferior actuado en exceso de su jurisdicción al decretar el *injunction* preliminar, y estando amenazada la peticionaria de un procedimiento por desacato, el recurso de apelación representaría en este caso un medio tardío que no sería tan adecuado, rápido y eficaz como lo es el *certiorari,* para librar de este modo, en bien de la justicia, a la peticionaria de los actos de la corte inferior."

En el caso *Borinquen Sugar Co.* v. *López, Juez,* 17 D.P.R. 1022, se había dicho por este tribunal:

"No es nuestra intención resolver especialmente ninguna de las cuestiones indicadas en la presente, pues creemos que toda cuestión que se plantee por la peticionaria, puede ser revisada por nosotros en la apelación. Los autos que se nos han trasmitido, demuestran que se ha interpuesto recurso de apelación. Puede concederse, a veces, un auto de *certiorari,* aunque el peticionario tenga también derecho a un recurso de apelación. Pero, en el presente caso, el demandado, según se admite, se halla en la posesión de la finca. Se admite que el efecto de una apelación es suspender los procedimientos. La peticionaria no nos demuestra nada que nos induzca a creer, que la apelación no sea el recurso ordinario, rápido y adecuado para la revisión del error alegado."

Especialmente la doctrina enunciada en este último caso tiene exacta aplicación al presente.

En resumen: la tendencia de este tribunal es la de conservar la eficacia del recurso ordinario de apelación, pero cuando se demuestra la existencia de un caso en el que el recurso ordinario ofrece una solución tardía, inadecuada, y peligran los intereses de la justicia, dar paso al recurso extraordinario de *certiorari,* en protección de esa misma justicia.

En el caso *Hamburger Brothers & Co.* v. *Corte de Distrito,* 38 D.P.R. 393, hemos sostenido que:

". . . Es de hacer constar, una vez más, que el mero hecho de que la resolución no sea apelable, no determina la procedencia del auto de *certiorari,* ya que la parte que lo solicita debe demostrar una violación de las reglas que determinan la jurisdicción, o que son norma del procedimiento, y presentar un caso que requiera el ejercicio de la sana discreción del tribunal a que acude."

En el presente caso encontramos:

1. Que la resolución de que se trata ha sido apelada, y sus efectos se hallan en suspenso.

2. Que no existe exceso o extralimitación de jurisdicción, o error de procedimiento en tal resolución.

3. Que se trata de que directa o indirectamente, revisemos

por *certiorari* el juicio que a la corte merecieron los hechos y la prueba en cuanto a la moción de nulidad.

*Con estos elementos para juicio, es necesario decidir, declarando sin lugar el recurso, y ordenando la anulación del auto expedido; y así se resuelve.*