TORRES *v.* GILL, JUEZ DE DISTRITO, ET AL.

SOLICITUD para que se expida mandamiento de *Certiorari.*

No. 69.—Resuelto en enero 13, 1911.

CERTIORARI—ERRORES DE PROCEDIMIENTO.—No todos los errores en que puedan haber incurrido las cortes inferiores en materia de procedimiento, pueden ser corregidos por medio de un auto de *certiorari,* pues en determinados casos lo procedente es que la parte tome excepción contra la infracción de las reglas

de procedimiento, que estime cometida, y si la resolución final le fuera adversa, interponer contra ella apelación, y someter entonces todas las cuestiones a la consideración del tribunal.

ID.—En este caso el peticionario trató de que se anulara en un recurso de *certiorari*, una resolución de la corte inferior negando una moción en que la misma parte interesaba que se desestimara, sin oírse, una excepción previa interpuesta contra la demanda, por el fundamento de que, habiéndose trasladado el caso de otra corte, dicha excepción era reproducción de otra igual que había sido considerada y desestimada por la corte en que originalmente se entablara la demanda: *Se resolvió* que el recurso de *certiorari* no procede para revisar una resolución de tal naturaleza, y que la parte debió tomar excepción y someter el punto en apelación contra la resolución definitiva.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. Rafael López Landrón.*

EL JUEZ ASOCIADO, SR. MACLEARY, emitió la opinión del tribunal.

La presente es una solicitud para que se expida un auto de *certiorari*, dirigido al Juez de la Sección Segunda de la Corte de Distrito de San Juan. La demandante impugna la siguiente resolución, dictada por dicho juez, con motivo de una moción que se le presentó en un caso pendiente ante dicho tribunal.

"Este pleito se presentó ante la Corte de Distrito de Arecibo hace dos años más o menos. Por parte del demandado se interpuso ante aquella corte la excepción previa de falta de causa de acción, basándose en la prescripción y dicha corte la declaró sin lugar.

"Ahora, trasladado el pleito a esta corte, se presenta la misma excepción otra vez.

"Por parte de la demandante se niega el derecho a esta corte de estudiar una excepción que ha sido fallada una vez por la Corte de Distrito de Arecibo, pero las circunstancias son especiales. Cuando aquella honorable corte dictó su opinión, en los primeros meses de 1909, seguió una interpretación de la ley que era entonces aceptada generalmente, pero mas tarde el Honorable Tribunal Supremo de Puerto Rico en sus sentencias en los pleitos de *Amsterdam* v. *Puente*, y *Gual* v. *Bonafoux* interpretó el punto en otro sentido.

"Necesariamente esta excepción de prescripción va al fundamento mismo del pleito, y debe estudiarse con cuidado en vista de las dos opiniones de la Honorable Corte Suprema de Puerto Rico antes mencionada.

"POR TANTO, en pro de la justicia, se debe permitir al demandado presentar la excepción previa de falta de causa de acción basada en la prescripción y se declara sin lugar la moción pidiendo que se rechace la excepción sin oirla, sin especial condena de costas."

Esta no es una resolución de naturaleza tal que justifique una solicitud para que se expida un auto de *certiorari.* No todo error de procedimiento, en que haya incurrido una corte inferior, autoriza a este tribunal, a expedir dicho auto. (*Sanjurjo* v. *Domínguez,* resuelto en 11 de octubre de 1909; *The Fajardo Development Co.* v. *La Corte de Distrito de Ponce,* resuelto en 6 de mayo de 1909; *Martínez* v. *Soto Nussa,* resuelto en 29 de junio de 1908.) El recurso en el presente caso, si es que se ha cometido un error, es reservar el punto, y continuar el juicio del caso; y después de dictada la sentencia, si ésta fuere adversa al peticionario, puede interponerse recurso de apelación, y revisarse todo el asunto por este tribunal. Esto es tan evidente, al leer los autos, que no es necesario dictar una orden, demostrar causa, o expedir un auto preliminar.

Debe, por lo tanto, desestimarse dicha solicitud sin procedimientos ulteriores.

*Desestimada la solicitud.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados Wolf y del Toro.