Rubio, Peticionario y Apelante, *v.* Rodríguez, Juez Municipal, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de Arecibo en recurso de *certiorari.*

No. 1635.—Resuelto en abril 26, 1917.

Certiorari — Desahucio — Nulidad de Emplazamiento — Falta de Finalidad Práctica.—Carece de finalidad práctica y no existe causa alguna especial que exija su expedición, un auto de *certiorari* para revisar una resolución dictada en un juicio de desahucio por la que se declara nulo el emplazamiento del demandado y se ordena un nuevo emplazamiento, porque la continuación del procedimiento depende del mismo demandante que habrá en todo caso de practicar un nuevo emplazamiento para poder hacer un nuevo señalamiento dentro de los diez días siguientes, y porque la práctica del nuevo emplazamiento ningún perjuicio causa al demandante, pues, aunque se anulara la resolución, siempre tendría que ser citado el demandado para la nueva comparecencia que se ordenara.

Id.—Errores de Procedimiento—Discreción Judicial.—A menos que así se disponga por estatuto el auto de *certiorari* cuando se usa para corregir los procedimientos de una corte inferior, no es de procedencia obligatoria (*writ of right*), sino que debe expedirse sólo cuando se demuestra a la corte una causa

especial para ello y la corte está investida de discreción judicial para con-. cederlo o rehusarlo según lo requiera la justicia en cada caso.

ID.—DESAHUCIO—NULIDAD DE EMPLAZAMIENTO—PETICIÓN INSUFICIENTE.—Es insuficiente una petición de *certiorari* para que se revise una resolución dictada en un juicio de desahucio por la que se declara nulo el emplazamiento del demandado y se ordena un nuevo emplazamiento, cuando no se alega que al diligenciarse la citación se apercibiera al demandado de que no compareciendo por sí o por medio de legítimo apoderado se decretaría el desahucio sin más citarlo ni oirlo, según previene la sección 5ª. de la ley sobre la materia, aprobada en 9 de marzo de 1905.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. Luis Mercader.*

El apelado no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto por Ernesto Rubio López contra resolución de la Corte de Distrito de Arecibo de 27 de febrero del corriente año, declarando no haber lugar a expedir el auto de *certiorari* solicitado por Rubio López para revisar procedimientos de la Corte Municipal de Camuy en juicio de desahucio iniciado por el peticionario contra Manuel Pérez y obtener la nulidad de la orden que dictó dicha corte municipal en 14 de febrero citado declarando nulo y sin efecto legal el emplazamiento del demandado y ordenando que fuera emplazado nuevamente para que la corte pudiera adquirir jurisdicción sobre el mismo.

En la petición de *certiorari* aléganse como motivos determinantes de ella que Ernesto Rubio López radicó en 6 de febrero último demanda de desahucio en la Corte Municipal de Camuy contra Manuel Pérez, vecino de Quebradillas, y que la citación del demandado se expidió con arreglo a la fórmula corriente, ordenando a las partes en el pleito que efectuaran la primera comparecencia a las dos de la tarde del día 14 de febrero; que la citación del demandado fué hecha personalmente en 9 de febrero, en Quebradillas, por Francisco Maymone, que es mayor de edad y no era parte en el juicio, dejando en su poder copia del emplazamiento y escribiendo al dorso de éste la fecha de su recibo y entrega, habiendo fir-

mado además el diligenciante la aludida copia; que el original del emplazamiento debidamente diligenciado por Maymone de acuerdo con el artículo 92 del Código de Enjuiciamiento Civil tal como fué enmendado por la Ley No. 8 de 1915, fué devuelto a la Corte Municipal de Camuy antes de la hora señalada para la comparecencia de las partes, y la Corte Municipal de Camuy adquirió jurisdicción sobre la persona del demandado; que a nombre del demandado Manuel Pérez compareció su abogado con el solo fin de solicitar que la corte declarara nulo y sin efecto legal el emplazamiento expedido por no llenar los requisitos exigidos por el estatuto, y que la corte estimó que el emplazamiento no había sido diligenciado de acuerdo con la ley y ordenó al demandante citara o emplazara nuevamente al demandado para que la corte pudiera adquirir jurisdicción.

Entiende el peticionario Ernesto Rubio López que la Corte Municipal de Camuy, anulando la citación hecha de acuerdo con la ley, cometió un grave error de procedimiento, paralizando erróneamente y con perjuicio de la justicia, la tramitación del juicio de desahucio por lo que a falta de otro recurso adecuado para obtener reparación de su derecho ejercita el recurso de *certiorari.*

Funda la Corte de Distrito de Arecibo su resolución denegatoria del libramiento del auto de *certiorari,* entre otras razones, en que el recurso carece de finalidad práctica.

Estamos conformes con la apreciación de la Corte de Distrito de Arecibo, pues la continuación del procedimiento, según expresa, depende del mismo demandante que habrá en todo caso de practicar un nuevo emplazamiento para poder hacer un nuevo señalamiento dentro de los diez días siguientes, toda vez que el demandado nunca podría ser privado de este derecho.

Pero aún hay más, y es que "a menos que así se disponga por estatuto, el auto de *certiorari* cuando se usa para corregir los procedimientos de una corte inferior, no es de procedencia obligatoria (*writ of right*), sino que debe expedirse

sólo cuando se demuestra a la corte una causa especial para ello y la corte está investida de discreción judicial para concederlo o rehusarlo según lo requiera la justicia en cada caso.'' *Espada* v. *Sepúlveda, Juez de Distrito,* 20 D. P. R. 134, y casos allí citados.

No vemos causa alguna especial en virtud de la cual los intereses de la justicia exigieran la expedición del auto de *certiorari.* La práctica del nuevo emplazamiento ningún perjuicio causa al apelante, pues aunque se anulara la orden del Juez Municipal de Camuy, siempre tendría que ser citado el demandado para la nueva comparecencia que se señalara. La interposición del recurso de *certiorari* ha causado mayor demora en el procedimiento que la resolución del Juez Municipal de Camuy de que se queja el peticionario.

Finalmente, en la petición no se alega que al diligenciarse la citación se apercibiera al demandado de que no compareciendo por sí o por legítimo apoderado se decretaría el desahucio sin más citarlo ni oirlo, según previene la sección 5ª. de la ley sobre la materia, aprobada en 9 de marzo de 1905, y por tanto no aparece que en la citación, según afirma el apelante, se llenaran todas las formalidades prevenidas por la ley.

Es de confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.