ARGÜELLES, PETICIONARIO, v. ROSSY, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida mandamiento de *certiorari* al Juez de la Corte de Distrito de San Juan, Sección 2ª.

No. 104.—Resuelto en noviembre 7, 1913.

CERTIORARI—INSPECCIÓN DE LIBROS—EXISTENCIA DE OTRO RECURSO EN LEY.—Si bien una orden denegatoria de una moción sobre inspección de libros no es apelable, sin embargo, como ella entraña una decisión dada sobre una moción controvertida, se considera excepcionada por ministerio de la ley y sujeta a revisión al ser revisada la sentencia definitiva por medio de apelación, y por tanto no puede ser revisada dicha orden en virtud de un recurso de *certiorari,* por el fundamento de que el peticionario carece de cualquier otro recurso en ley.

ID.—EXISTENCIA DE UN RECURSO ORDINARIO PERO LENTO EN LEY—DISCRECIÓN JUDICIAL.—Aunque el recurso de *certiorari* es de carácter extraordinario y por lo común no procede en los casos en que la ley otorgue para reparar el agravio otro recurso ordinario, sin embargo, si éste, por la lentitud del procedimiento que lo regula pudiere dar por resultado un completo o parcial fracaso de la justicia, entonces puede ser viable el recurso extraordinario de *certiorari,* bien entendido que como no es un recurso de procedencia obligatoria (*writ of right*) puede siempre concederse o denegarse a discreción del tribunal que reciba la solicitud.

ID.—INSPECCIÓN DEL ORIGINAL DE UN PAGARÉ—ADMISIÓN DE SU AUTENTICIDAD.—Cuando en una demanda jurada se transcribe el pagaré objeto de la acción, el demandado, cuya contestación no está jurada y solo contiene una negación general de los hechos, admitiendo por tanto tácitamente la autenticidad del pagaré, no puede alegar con eficacia la necesidad de inspeccionar dicho pagaré original como fundamento de una moción de inspección de documentos y de una solicitud de *certiorari,* para revisar la denegatoria de dicha moción.

ID.—ADMISIÓN Y EXCLUSIÓN DE PRUEBAS.—El recurso extraordinario de *certiorari* no puede ser ejercitado para revisar resoluciones relativas a la admisión o exclusión de pruebas, y por analogía, tampoco puede invocarse para revisar una orden denegatoria de una moción sobre inspección de documentos cuando, como en el caso de autos, no se demuestra la necesidad del remedio solicitado.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. Eugenio Benítez Castaño.*

El demandado no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ emitió la opinión del tribunal.

Con fecha 26 de junio del año 1912 el Banco de Puerto Rico presentó demanda ante la Corte de Distrito del Distrito Judicial de San Juan, Sección 2ª., contra Solá e Hijo, Solá, Argüelles y Cía. y Benjamín Forteza, para el cobro de un préstamo por valor de $2,000 que los tres demandados se obligaron solidariamente a pagar al demandante en 5 de diciembre de 1910, según pagaré de 31 de agosto del mismo año, inserto en la demanda y que según en ésta se alega fué prorrogado hasta el 16 de febrero de 1912.

Al contestar Magín R. Argüelles la demanda, entre otros hechos alegó bajo los números 4º. y 5º. de su tercera causa de defensa los siguientes:

"4º. El pagaré a que se refiere esta demanda fué cancelado después de su vencimiento y renovado varias veces con posterioridad a la fecha en que Magín R. Argüelles había dejado de ser socio de Solá, Argüelles y Cía., cuya renovación se efectuó sin el conocimiento ni el consentimiento del compareciente Argüelles.

"5º. Alega que antes de verificarse la renovación de tal pagaré sin que Magín R. Argüelles fuera notificado ni asintiese a tal renovación, la sociedad Solá, Argüelles y Cía. era solvente y tenía bienes de sobra para satisfacer el importe de aquella obligación."

Con posterioridad a la contestación, presentó moción a la corte la representación de Magín R. Argüelles, quien después de alegar que necesita para su defensa hacer una inspección del pagaré original inserto en la demanda, así como de los libros de contabilidad del banco demandante, con objeto de demostrar los hechos en que se fundan las alegaciones 4ª. y 5ª. de su tercera causa de defensa, y que la inspección habría de limitarse a los asientos relativos a las prórrogas, pago de intereses y cancelaciones del documento que sirven de base a la demanda, concluyó con la súplica de que de acuerdo con el artículo 314 del Código de Enjuiciamiento Civil se ordene a la parte contraria que facilite al peticionario la inspección interesada.

La corte desestimó la anterior moción por orden de 24 de junio del corriente año, declarándola sin lugar, y esa nega-

tiva ha dado lugar al presente recurso de *certiorari* en que la parte promovente, al solicitar la revisión de los procedimientos de la corte inferior, invoca como infringido el artículo 314 del Código de Enjuiciamiento Civil, alegando además que carece de otro recurso rápido, adecuado y eficaz en el curso ordinario de la ley, por cuanto la expresada orden no es apelable. El auto de *certiorari* fué expedido en 10 de octubre próximo pasado, señalándose para la vista del recurso el día 20 del propio mes y elevados a esta corte los autos originales del caso, deducimos de ellos los hechos que dejamos consignados.

Ciertamente que contra la orden de que se deja hecho mérito no cabe ejercitar recurso de apelación, por no ser de las resoluciones apelables que enumera el artículo 295 del Código de Enjuiciamiento Civil, pero como ella entraña una providencia o decisión dada sobre una moción controvertida, debe considerarse excepcionada por ministerio de la ley y sujeta por tanto a revisión al ser revisada en grado de apelación la sentencia definitiva que recaiga en el caso, siempre que forme parte de los autos y legajos del pleito.

Siendo ello así, es obvio que el peticionario no puede afirmar que carece de cualquier otro recurso que no sea el *certiorari* para llegar al fin que persigue; pero no por ello podemos desde luego afirmar que el recurso de *certiorari* sea improcedente.

El recurso de *certiorari* es de carácter extraordinario y por lo común no procede en los casos en que la ley otorgue para reparar el agravio otro recurso ordinario; pero si ese recurso ordinario, por la lentitud del procedimiento que lo regula, pudiere dar por resultando un completo o parcial fracaso de la justicia, entonces puede ser viable el recurso extraordinario de *certiorari,* bien entendido, que como no es recurso de procedencia obligatoria (*writ of right*) puede siempre concederse o denegarse a discreción del tribunal que reciba la solicitud.

En el caso de *Méndez* v. *Soto Nussa,* 13 D. P. R., 379, y

en el de *Núñez* v. *Soto Nussa,* 14 D. P. R., 199, adoptamos como regla, aunque sujeta en su ejercicio a la discreción del tribunal, la enunciada por la Corte Suprema de Missouri en la ilustrada opinión redactada por el Juez Sr. Sherwood en el caso *State ex rel. Hamilton* v. *Guinotte,* 50 L. R. A., 794, que dice así:

"La existencia de un remedio mediante apelación o recurso por causa de error no es suficiente para constituir un obstáculo al auto de *certiorari,* a menos que dicho remedio sea adecuado para llenar los requisitos del caso; es decir, que sea igualmente beneficioso, rápido y suficiente; no meramente un remedio que en algún tiempo en lo futuro efectuara la revocación de la sentencia recurrida, sino un remedio que librara al peticionario, de un modo rápido, de los efectos perjudiciales de la sentencia y de los actos de la corte o tribunal inferior."

Teniendo en cuenta la regla transcrita ¿debemos en el presente caso, usando de nuestra discreción, revisar mediante el recurso de *certiorari* interpuesto, los procedimientos de la corte inferior?

El artículo 314 del Código de Enjuiciamiento Civil que invoca el peticionario en su defensa, contra la orden de la corte inferior de 24 de junio último, dice así:

"Artículo 314.—Toda corte ante la cual estuviere pendiente un pleito, o el juez de la misma podrá, previa notificación, ordenar a cualquiera de las partes que dentro del plazo que señalare permita a la otra hacer una inspección y le dé copia, o le autorice a sacarla de los asientos de cualquier libro de cuentas, o de cualquier documento o papel que obrare en su poder o estuviere a su disposición, conteniendo prueba relativa a los hechos de la demanda o de la contestación.

\*     \*     \*     \*     \*     \*     \*

"Este artículo no deberá entenderse en el sentido de impedir que una de las partes obligue a la otra a presentar libros, papeles o documentos, al ser examinada como testigo."

El peticionario en su moción denegada alega que para demostrar que el pagaré cuyo cobro se persigue fué cancelado

después de su vencimiento y renovado varias veces con posterioridad a la fecha en que dejó de ser socio de Solá, Argüelles y Cía., según afirma en su contestación a la demanda, necesitaba hacer una inspección del pagaré original inserto en dicha demanda así como de los libros de contabilidad del banco demandante, explicando que la inspección habría de limitarse a los asientos relativos a las prórrogas, pago de intereses, y cancelación del documento que sirve de base a la demanda.

No vemos necesidad alguna por parte del peticionario, de que se le muestre original el pagaré inserto en la demanda, pues su contestación no ha sido jurada y tanto por esa razón cuanto por contener una mera negación general de los hechos, la autenticidad del pagaré debe considerarse admitida con arreglo al artículo 119 del Código de Enjuiciamiento Civil que dice así:

"Artículo 119.—Cuando se entable una acción fundada en un documento, y la demanda contenga copia del mismo, o ésta vaya unida a ella, la autenticidad y otorgamiento en forma de dicho documento se considerarán admitidas, a menos que se jure la contestación negando dicha autenticidad."

Ni la contestación ha sido jurada ni contiene negación específica de la autenticidad del pagaré.

En cuanto al examen denegado de los libros de contabilidad del banco demandante para comprobar las alegaciones 4ª. y 5ª. de la tercera causa de defensa, ya hemos transcrito íntegras esas alegaciones y atendido el texto literal de las mismas sólo podemos estimar que el demandado Argüelles con la inspección solicitada tendía a preparar prueba para demostrar la cancelación del pagaré después de su vencimiento y su renovación con posterioridad a la fecha en que Argüelles dejó de ser socio de Solá, Argüelles y Cía., pues parece que los libros del banco no han de mostrar si la sociedad Solá Argüelles y Cía, era solvente y tenía bienes suficientes con exceso para satisfacer el importe de la obligación.

En la solicitud de *certiorari* que para la mayor garantía de la buena fe del peticionario pudiera haber sido jurada, ni siquiera se alega que la negativa de la corte inferior a otorgar la inspección de los libros del banco, prive al peticionario de cualquier otro recurso para comprobar en el juicio las alegaciones de que hace mérito en su contestación, y aquél estaba en el deber de mostrar la necesidad del remedio solicitado.

Ya dijimos al resolver el caso de *Méndez* v. *Soto Nussa* que jamás se había pretendido que los efectos del auto de *certiorari* fueran extensivos a la admisión o exclusión de prueba y ese mismo principio puede ser aplicable al presente caso en que se ha denegado un medio preparatorio de prueba como la inspección de libros de la parte contraria, cuya denegatoria, según hemos dicho antes, puede revisarse al ser revisada en grado de apelación la sentencia que ponga término al juicio.

Por las razones expuestas, no nos sentimos inclinados a ejercitar en el presente caso nuestra discreción en el sentido de revisar mediante el recurso de *certiorari* interpuesto la orden que dictó la Corte de Distrito de San Juan, Sección 2ª., en 24 de junio último y procede en su consecuencia que se anule el auto de *certiorari* expedido, devolviéndose los autos originales a la corte inferior para que los continúe con arreglo a derecho.

*Anulado el mandamiento expedido y denegada la solicitud.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.