ESPADA, PETICIONARIA, *v.* SEPÚLVEDA, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida mandamiento de *certiorari* al Juez de la Corte de Distrito de Ponce en una acción sobre reconocimiento de hijos naturales.

No. 111.—Resuelto en febrero 25, 1914.

CERTIORARI—ERRORES DE PROCEDIMIENTO—DISCRECIÓN DEL TRIBUNAL.—Cuando el recurso de *certiorari* se invoca para corregir errores de procedimiento, no es de procedencia obligatoria (*writ of right*) sino que debe expedirse solo cuando se demuestre a la corte una causa especial para ello, y la corte está investida de discreción judicial para concederlo o negarlo según lo requiera la justicia en cada caso.

ID.—HIJOS NATURALES—ACCIÓN DE RECONOCIMIENTO CONTRA HEREDEROS DESCONOCIDOS—INTERVENCIÓN DE LEGATARIOS.—La corte inferior permitió intervenir a un legatario en un pleito sobre reconocimiento de hijos naturales

seguido contra los herederos desconocidos de una persona que murió bajo testamento expresando en el mismo que no dejaba ascendientes ni descendientes y repartiendo la totalidad de sus bienes en legados. Se resolvió: que atendidas las circunstancias del caso, el tribunal no revisaría el procedimiento dentro del recurso de *certiorari* establecido por el demandante en el pleito sobre reconocimiento.

Los hechos están expresados en la opinión.

Abogados de la peticionaria: *Sres. F. Cervoni Gely* y *Juan B. Huyke.*

Abogado de la interventora María Escalera: *Sr. Manuel A. Rivera.*

El demandado no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Estefanía Espada, en su carácter de madre con patria potestad de su hija menor de edad Mercedes Espada, presentó en esta Corte Suprema una solicitud jurada en demanda de un auto de *certiorari* dirigido contra el Juez del Distrito de Ponce a fin de revisar cierta orden dictada por el expresado juez permitiendo a María Escalera y Santiago intervenir en el pleito seguido por la dicha Estefanía Espada a nombre de su hija Mercedes Espada contra John Doe y Richard Roe, herederos desconocidos de Julián Benito Rivera, sobre filiación.

El auto solicitado fué expedido y el pleito original elevado a esta Corte Suprema. Lo tenemos a la vista y de sus constancias resulta: Que la peticionaria entabló demanda en la Corte de Distrito de Ponce contra los herederos desconocidos de Julián Benito Rivera alegando esencialmente que la menor Mercedes era hija natural reconocida del dicho Julián Benito Rivera fallecido en Coamo el 5 de abril de 1905 sin dejar ascendientes ni descendientes y bajo testamento otorgado ante notario el 23 de septiembre de 1902. La demanda termina suplicando que se declare a la menor Mercedes hija natural reconocida de Julián Benito Rivera, con derecho a llevar su apellido y a participar de sus bienes en la cuantía determinada por las leyes del país.

El 13 de agosto de 1913 el juez de distrito ordenó que los demandados, o sean los herederos desconocidos de Julián Benito Rivera, fueran citados por medio de edictos, y el 29 de septiembre de 1913 compareció María Escalera Santiago y pidió que se le permitiera intervenir en el pleito alegando que Julián Benito Rivera le había legado 50 cuerdas de terreno, la mitad de una casa y una sortija con un brillante; que según aparecía del testamento, el finado Benito había distribuído todos sus bienes en distintos legados disponiendo que si aparecieran algunos otros además de los que especificó como de su propiedad, los legaba a Cecilio Cruz, y que sería directamente perjudicada si la demandante obtenía una sentencia favorable en el pleito que había iniciado.  Los hechos alegados por María Escalera constan del testamento de Julián Benito Rivera presentado por la misma parte demandante al archivar su demanda.

La parte demandante se opuso a que se concediera la intervención solicitada y la corte decidió la cuestión en la siguiente forma:

"*Orden.*—La corte, resolviendo ahora la moción de María Escalera y Santiago, registrada en 27 de septiembre de 1913, por la presente la declara con lugar, y en consecuencia, y de acuerdo con el artículo 72 del Código de Enjuiciamiento Civil, concede permiso a dicha compareciente María Escalera y Santiago para intervenir en este pleito uniéndose a los demandados para oponerse a las pretensiones de la demandante, pudiendo presentar su correspondiente demanda de intervención notificando de ello a las partes interesadas."

La vista del recurso de *certiorari* se celebró ante esta Corte Suprema el 29 de enero de 1914 con asistencia de la peticionaria por su abogado.  María Escalera pidió permiso, que le fué concedido, para intervenir, presentando al efecto un alegato por escrito que se unió a los autos.  Y el caso quedó sometido definitivamente a nuestra consideración.

A menos que así se disponga por el estatuto, el auto de *certiorari* cuando se usa para corregir los procedimientos de

una corte inferior, no es de procedencia obligatoria (*writ of right*), sino que debe expedirse sólo cuando se demuestra a la corte una causa especial para ello, y la corte está investida de discreción judicial para concederlo o rehusarlo según lo requiera la justicia en cada caso.   Este principio expuesto en la forma que antecede en 6 Cyc., 748, está sostenido por muchas decisiones de Arkansas, California, Florida, Illinois, Louisiana, etc., y esta misma Corte Suprema de Puerto Rico lo ha aplicado en varias ocasiones entre otras en los casos de *Polo v. Domínguez,* 15 D. P. R., 609; *Torres v. Gill, Juez de Distrito,* 17 D. P. R., 40, y, especialmente, en el de *Argüelles v. Rossy, Juez de Distrito,* decidido ·el 7 de noviembre de 1913.

Hemos estudiado cuidadosamente las circunstancias que concurren en este caso concreto en el cual como se ha visto el Juez de Distrito de Ponce permitió intervenir a una legataria en un pleito sobre filiación seguido contra los herederos desconocidos de una persona que murió bajo testamento expresando en el mismo que no dejaba ascendientes ni descendientes y repartiendo la totalidad de sus bienes en legados, y opinamos que la justicia del caso no requiere que revisemos el procedimiento.

No vemos por ahora que se cause ningún perjuicio efectivo a la parte demandante con la intervención concedida por la corte de distrito.   Y si llegare a causársele alguno en contra de la ley, tendrá ocasión de hacer valer sus derechos en el recurso ordinario de apelación que pueda entablar en su día contra la sentencia definitiva en el caso de que éste le fuera adversa.

Debe anularse el auto de *certiorari* expedido y devolverse el pleito original remitido a la Corte de Distrito de Ponce para que continúe tramitándolo de acuerdo con la ley.

*Anulado el mandamiento de* certiorari *expedido.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.