HAMBURGER BROTHERS & Co., peticionaria, *v.* LA CORTE DE DISTRITO DE SAN JUAN, HON. PABLO BERGA, JUEZ, demandado.

No. 619.—*Visto:* Junio 4, 1928. *Resuelto:* Junio 18, 1928.

*F. Soto Gras,* abogado del peticionario; *James R. Beverly, Procurador General, R. A. Gómez* y *Felipe Janer, Sub-Procuradores,* abogados de la demandada.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Hamburger Brothers & Co. radicó en la Corte de Distrito de San Juan una demanda contra Luis F. Díaz Llenza, sobre cumplimiento de contrato y daños y perjuicios, reclamando por el primer concepto $1,304.50 e intereses, y por el segundo $550 e intereses . Emplazado el demandado, no compareció, y se anotó su rebeldía por el secretario. La parte demandante, en 4 de abril de 1928 solicitó del secretario de la corte de distrito la inclusión del caso en el calendario especial del viernes 13 de abril de 1928, para presentar la prueba, y el secretario se negó a tal inclusión porque no se acompañó a la petición un sello de rentas internas de $5, para señalamiento. La demandante acudió a la corte de distrito con moción para que se ordenara al secretario que incluyera el caso en la forma pedida, y sin necesidad de sello, por no ser requerido éste por la ley vigente. La corte después de oír los argumentos de la parte, dictó resolución denegatoria de la moción. Este es el motivo del presente procedimiento de *certiorari,* iniciado por petición de fecha 21 de mayo de 1928.

En la Ley No. 17 de 11 de marzo de 1915, se establecen los derechos que han de pagarse por diversas diligencias, trámites y actuaciones judiciales; y entre ellos el siguiente:

"Sección 2. . . . .

\*  \*  \*  \*  \*  \*  \*

"C. Por entrar una causa en el calendario, y señalarla para jui-cio. . . $5.00."

En 1915 no existía otro calendario que el general, referido a todos los asuntos ante las cortes, cualquiera que fuera su condición, en contienda, o en rebeldía de una parte.

En 1917, la Legislatura de Puerto Rico pasó una ley, la No. 94, promulgada en 31 de marzo de 1919, por la que se crearon los calendarios especiales para la audiencia de mo-ciones y excepciones previas en los lunes de cada semana; y el para la audiencia en expedientes ex-parte, legales espe-ciales, contencioso-sumarios, y juicios en rebeldía, para los viernes de cada semana.

En la sección 1 de esta Ley No. 94, se prescribe clara y concretamente que a la solicitud para inclusión, en calendario especial, de mociones o excepciones, se adherirá por el soli-citante un sello de rentas internas de acuerdo con el arancel. Se hace, pues, referencia expresa a tal arancel, que induda-blemente rige en cuanto a esa clase de señalamientos.

La sección 2 de la misma ley, dice así:

"Sección 2.—El viernes de cada semana será dedicado por las cortes que de ellos tengan jurisdicción a la vista de los asuntos *ex-parte,* procedimientos legales especiales, procedimientos contenciosos sumarios y juicios en rebeldía, formándose el lunes inmediatamente precedente, el calendario de todos los casos de la naturaleza mencio-nada, la inclusión de los cuales se hubiere solicitado por las partes. Por orden de la corte, inserta en las minutas, podrán incluirse en el calendario otros casos, con posterioridad a dicho día."

Como se ve los calendarios especiales son dos. Confirman este aserto los artículos o secciones 3 y 4 de la misma ley, que los diferencian, al establecer los términos en que deben ser resueltas las cuestiones sometidas; y más aún, la sección 6, que empieza con estas palabras:

"Sección 6.—Los diferentes calendarios mencionados en esta Ley, así como los calendarios generales, serán coleccionados . . . ."

Se establece la diferencia apuntada, y la que existe entre los calendarios especiales y el general.

Si se aplica una regla de interpretación literal, no es dudoso que la ley no ha dispuesto que en los casos comprendidos en la sección 2, se adhiera sello de rentas internas.

Si aplicamos la regla de interpretación lógica, es indudable que la ley que dispone que en las mociones y excepciones se una un sello con arreglo al arancel, y no dispone la unión de tal sello en los casos del artículo o sección 2, ha excluido éstos de tal carga.

Es antigua regla la de que las leyes que establecen una exacción contributiva o de impuesto, no se pueden hacer extensivas, por analogía, a los casos que no se comprenden claramente en ellas.

No puede este tribunal decidir que en la ley haya un error, sino que ella expresa de una manera final y concreta la voluntad del legislador, y en este caso, si el legislador hubiera querido que se impusiera el sello en los casos de la sección 2 lo hubiera expresado, como lo hizo con referencia a los casos de la sección 1.

En la contestación del Procurador General, a nombre del juez, se afirmó que existe el derecho de exigir el sello.

En la vista de este caso la misma parte, o sea la representación del juez suscitó la cuestión de no ser éste un caso propio para *certiorari*. La cuestión no está presentada en debida forma. No vemos que la resolución de que se trata se halle comprendida en ninguno de los incisos del artículo 295 del Código de Enjuiciamiento Civil. Y aún si fuera apelable, la resolución nuestra podría depender de la eficacia, rapidez y efectividad del remedio en apelación, como se ha dicho en el caso *San Juan Racing & Sporting Club* v. *Foote, Juez,* 31 D.P.R. 161. Es de hacer constar, una vez más, que el mero hecho de que la resolución no sea apelable, no determina la procedencia del auto de *certiorari,* ya que la parte que lo solicita debe demostrar una violación

de las reglas que determinan la jurisdicción, o que son norma del procedimiento, y presentar un caso que requiera el ejercicio de la sana discreción del tribunal a que acude. Véanse a este propósito las decisiones de este tribunal en los casos *Espada* v. *Sepúlveda, Juez,* 20 D.P.R. 134, *Polo* v. *Domínguez,* 15 D.P.R. 609, *Torres* v. *Gill,* 17 D.P.R. 40, y *Arguelles* v. *Rossy,* 19 D.P.R. 1049, y *Rubio* v. *Rodríguez,* 25 D.P.R. 182. La doctrina en esos casos es la seguida y confirmada por este tribunal.

Como conclusión a lo expuesto, *debe revocarse y anularse la resolución de la Corte de Distrito de San Juan* de fecha 8 de mayo de 1928, objeto de este procedimiento.