Bautista Lebrón González, demandante y apelada, *v.* Juan Bautista Montalvo, demandado y apelante.

No. 6010.—*Sometido:* Abril 18, 1933. *Resuelto:* Mayo 3, 1933.

*Mariano R. Acosta,* abogado del apelante; *V. P. Martínez,* abogado del apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Bautista Lebrón González inició un procedimiento para recobrar la posesión de un inmueble contra Juan Bautista Montalvo. Durante la vista del caso en sus méritos en la Corte de Distrito de Aguadilla, luego de practicada la prueba del demandante y comenzada la del demandado, solicitó el primero que no se permitiese al segundo la presentación de prueba alguna, basándose en que el demandado canceló únicamente dos sellos de rentas internas de un dólar cada uno, en vez de cinco, al radicar la contestación a la demanda. El secretario de la corte de distrito confirmó lo dicho por el demandante, manifestando que tiene por costumbre cobrar $5 en sellos de rentas internas por la contestación en esta clase de *injunctions*. También manifestó el secretario que llamó la atención al abogado para que agregara los sellos que faltaban. Se excusó el abogado diciendo que tenía pendientes dos casos de *injunction* para recobrar la posesión en la corte y que el secretario no le indicó en qué caso debía satisfacer derechos de $5. Ofreció entonces, en el acto de la vista, los sellos de rentas internas que faltaban para cubrir la cantidad de $5, y que tenía en su poder. La corte inferior declaró con lugar la moción del demandante y ordenó la eliminación de la contestación, sin permitir al demandado presentar prueba, y dictó sentencia declarando con lugar la demanda y condenando al demandado a restituir la propiedad reclamada, con imposición de costas. El demandado tomó excepción y estableció el presente recurso de apelación, atribuyendo a la corte inferior el error único de haber interpretado erróneamente las disposiciones del artículo 2 de la Ley No. 17, aprobada en 1915 (p. 45). En su opinión la corte inferior dice:

"La demandante ofrece prueba testifical y documental que fué debidamente practicada y se opuso, una vez comenzado el examen de la prueba del demandado, a que se admitiese a éste prueba de clase alguna por ser nula la contestación presentada, toda vez que no se pagaron los derechos correspondientes de acuerdo con lo que dispone el apartado '*b*' de la sección 2 de la Ley número 17 de 1915, a lo que accedió la Corte, decretando la eliminación de dicha contestación."

El artículo 2 de la ley de 1915 citado por la corte, fija los derechos que se han de pagar por las operaciones de los secretarios y márshals de las cortes de distrito y municipales mediante la cancelación de los correspondientes sellos de rentas internas. Copiamos de dicho artículo los apartados que se designan con las letras A, B, M y N:

"A. Por cada demanda en pleito civil contencioso ante las cortes de distrito: $5.00;

"B.—Por la primera alegación del demandado en pleito civil contencioso, sea contestación, excepción previa o moción en la corte de distrito: $5.00;

"M.—Por cada petición en recursos extraordinarios: $3.00;

"N.—Por cada oposición de una parte cualquiera en recursos extraordinarios: $2.00."

El apartado B, a nuestro juicio, se refiere a pleitos civiles contenciosos, de carácter ordinario. No puede referirse al remedio que concede la ley proveyendo procedimientos para recobrar la posesión de propiedad inmueble. La demanda o escrito inicial en este procedimiento debe pagar $3 de acuerdo con el apartado M; la oposición a dicho escrito debe pagar $2, conforme al apartado N. Este procedimiento no puede ser incluído en el apartado A porque está comprendido dentro del apartado M, toda vez que se trata de un recurso extraordinario. De igual modo la oposición a un recurso de esta índole no puede ser incluída en el apartado B, porque está expresamente comprendida en el apartado N, que exige un derecho de $2 por cada oposición en recursos extraordinarios. El demandante utiliza un recurso sumario para que se le restituya la propiedad que reclama. No es ciertamente una acción ordinaria, sino un interdicto, que tiene por objeto restablecer por medio de un procedimiento breve y rápido, donde la contienda se reduce a una cuestión de hecho, el estado posesorio perturbado por los actos de un tercero. La ley fija para la vista de este procedimiento un término perentorio. Toda moción o excepción deberá presentarse y verse en el acto del juicio y la corte dictará sentencia sin

demora indebida. La contestación en este caso es una oposición al recurso, que sólo exige la cancelación de sellos de rentas internas por valor de $2. El demandado satisfizo oportunamente los derechos exigidos por la ley, la contestación fué legalmente radicada desde su presentación en secretaría y la moción del demandante solicitando que no se admitiese prueba al demandado, que dió lugar a la eliminación de la contestación, debió ser desestimada por la corte inferior

*Debe revocarse la sentencia apelada y devolverse el caso a la corte inferior para procedimientos ulteriores no incompatibles con los términos de esta opinión.*