JUAN BAUTISTA BADILLO, demandante y apelante, *v.* CARMEN MERCEDES HIDALGO, demandada y apelada.

No. 6245.—*Sometido:* Enero 11, 1934.  *Resuelto:* Marzo 16, 1934.

*José Veray, Jr.,* abogado del apelante; *Luis A. Rosario,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En primero de abril de 1932, Juan Bautista Badillo promovió demanda de divorcio contra su esposa Carmen Mercedes Hidalgo en la Corte de Distrito de Aguadilla, alegando como causa de acción para la disolución del vínculo matrimonial el abandono del demandante por parte de su esposa.

En 2 de abril se libró y diligenció el emplazamiento, y el día 14 del mismo mes se anotó por el secretario de la corte la rebeldía de la demandada. Al siguiente día se celebró la vista de la causa con asistencia del demandante y la corte, luego de oída la prueba, dictó sentencia declarando roto y disuelto el vínculo matrimonial entre los referidos esposos.

En primero de julio de 1932 la demandada presentó moción a la corte solicitando que se dejara sin efecto y se declarara nula y sin ningún valor la sentencia de divorcio, por haberla obtenido el demandante de mala fe, con manifiesto engaño y con la intención deliberada de obtener una sentencia de divorcio basada en una causa de acción que no existía, sorprendiendo, como sorprendió, la buena fe de su esposa. La corte señaló la vista de esta moción para el día 9 de julio, y oída la prueba con asistencia de ambas partes, dictó resolución dejando sin efecto la sentencia de divorcio. De esta resolución interpuso la parte demandante el presente recurso de apelación. El único error atribuído a la corte inferior consiste en haber señalado *motu proprio* la moción sobre nulidad de sentencia sin esperar a que la misma se incluyera en el calendario especial a solicitud de cualquiera de las partes y sin que se pagaran los derechos de señalamiento, de acuerdo con el arancel.

Se arguye que la resolución dictada por la corte inferior es nula porque la moción sobre nulidad de sentencia no fué incluída en el calendario especial ni señalada a solicitud de parte previa cancelación de un sello de rentas internas de $5, de acuerdo con la sección 2 a de la Ley No. 17 de 1915 (pág. 45). También alega el apelante que la corte inferior debió ajustarse a lo dispuesto en la Ley No. 38 de 24 de abril de 1931 (pág. 357). En la Ley No. 17 de 11 de marzo de 1915, citada por el apelante, se establecen los derechos que han de pagarse por diversas diligencias, trámites y actuaciones judiciales, y entre ellos el siguiente:

"Sección 2. . . . .

"   *       *       *       *       *       *       *

"C. Por entrar una causa en el calendario y señalarla para juicio, $5."

La Ley No. 38, aprobada en 1931, a que se refiere el apelante, es idéntica a la Ley No. 94 aprobada en 1917, que fué declarada nula, entre otras, por la Corte de Circuito de Boston. Esta ley fué interpretada por este tribunal en el caso de *Hamburger Bros. & Co. v. Corte de Distrito*, 38 D.P.R. 393, y lo que dijimos entonces puede aplicarse a la ley actualmente en vigor.

Con anterioridad a la aprobación de esta ley sobre calendarios especiales no existía otro calendario que el general. Hoy hay dos calendarios adicionales, ambos de carácter especial: uno para la audiencia de mociones y excepciones previas en los lunes de cada semana a solicitud de cualquiera de las partes de un pleito pendiente, y otro para la audiencia en asuntos exparte, procedimientos legales especiales, contenciosos sumarios, y juicios en rebeldía para los viernes de cada semana. Para la inclusión en el calendario del lunes de mociones y excepciones previas en un pleito pendiente es necesario cancelar un sello de rentas internas de acuerdo con el arancel; para los asuntos que han de verse el viernes de cada semana no se exige derecho alguno. Así lo declaró esta corte interpretando combinadamente los artículos 1 y 2 de la ley aprobada en 1917 (1917) (3), pág. 94), que son idénticos a los artículos 1 y 2 de la ley de 1921 (p. 357).

En los asuntos exparte, procedimientos legales especiales, procedimientos contenciosos sumarios, y juicios en rebeldía, que deben verse los viernes previa inclusión de los mismos en el calendario, no hay necesidad de satisfacer derecho alguno. Dudamos mucho de que la moción presentada en este caso sobre nulidad de sentencia pueda incluirse en uno de los grupos que deben verse los viernes de cada semana. Esta moción no tiene cabida ni en los asuntos exparte, ni en los procedimientos legales especiales, ni en aquellos casos en que se haya anotado la rebeldía. La sentencia ha sido dictada, y ahora se solicita su nulidad por haberse obtenido fraudu-

lentamente. Tampoco puede equipararse la referida moción a un asunto contencioso de carácter sumario, aunque la naturaleza de la misma y el interés público, que es un elemento a considerar siempre en una acción de divorcio, hagan resaltar la conveniencia de ser resuelta con premura. Es claro, a nuestro juicio, que esta moción no está incluída en los asuntos especificados en el artículo 2º. de la ley de 1931, ni en el artículo 1ro., porque no se trata de una moción radicada en un pleito pendiente, sino de una moción para anular una sentencia.

■■ Descartada la ley de 1931 por no ser aplicable al presente caso, veamos ahora si la moción presentada por la parte demandada está comprendida en el apartado *C* de la sección 2. de la ley de 1915, que fija un derecho de $5 por entrar una causa en el calendario y señalarla para juicio. El texto inglés de dicho apartado dice así: ''C. For entering a case on the calendar and setting the same for trial... $5.''

No es éste un caso que se anota en el calendario y se señala para juicio. Se trata simplemente de una moción solicitando la nulidad de una sentencia cuya vista fué señalada *motu proprio* por la corte. Es antigua la regla de que las leyes que establecen una exacción contributiva o de impuesto no se pueden hacer extensivas por analogía a los casos que no se comprenden claramente en ellas. *Hamburger Bros. & Co.* v. *Corte de Distrito,* supra. No exige la ley un derecho de $5 para el señalamiento de esta moción, por cuya radicación satisfizo la demandada la cantidad de $5. El apartado que hemos citado se refiere a la anotación en el calendario y señalamiento de un caso y no de una moción. Opinamos que no fué necesario en este caso el pago de ningún derecho y que la Corte de Distrito no se excedió en el uso de sus atribuciones al fijar una fecha para la vista de la moción presentada por la demandada sobre nulidad de sentencia.

*Debe confirmarse la resolución apelada.*