CÁNDIDO, DIONISIO y VÍCTOR FALTO, haciendo negocios bajo el nombre comercial de "V. FALTO HERMANOS", peticionarios y apelantes, *v.* CORTE DE DISTRITO DE MAYAGÜEZ, HON. F. NAVARRO ORTIZ, JUEZ, demandada y apelada.

Núm. 7782.—*Sometido:* Abril 17, 1939. *Resuelto:* Marzo 13, 1940.

*Enrique Báez García,* abogado del apelante; *Hon. Procurador General George A. Malcolm (B. Fernández García, Ex-Procurador General,* en el alegato) y *C. Andréu Ribas, Subprocurador,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

Uno de los jueces de este tribunal, durante el período de vacaciones, expidió primero y luego anuló un auto de *certiorari,* basado en los hechos y por las razones que constan en la siguiente opinión:

"La Corte de Distrito de Mayagüez resolvió en un procedimiento de desahucio que la parte demandante estaba obligada a cancelar un sello de rentas internas de cinco dólares para poder lograr que el caso fuera registrado e incluído en el calendario. Los peticionarios sostienen que esta clase de litigio no cae dentro de la descripción de 'pleito civil contencioso' a que se hace referencia en la sección 2 de la Ley Núm. 17 de 1915 (Leyes de ese año, pág. 46), según fué posteriormente interpretada por este Tribunal en el caso de *Lebrón* v. *Montalvo,* 45 D.P.R. 14. También sostienen que toda vez que la Ley de Desahucio, en sus secciones 4 y 6 dispone la celebración de vistas dentro de determinado período de tiempo y en su sección 8 provee que tan pronto como sea citado el demandado y entregada que sea la citación diligenciada al secretario, 'éste incluirá inmediatamente el asunto en el calendario,' el demandante no está obligado a pagar derechos algunos por tal concepto. Finalmente insisten en que éste es un 'procedimiento contencioso de naturaleza sumaria' y que en su consecuencia cae claramente dentro de las disposiciones de la ley núm. 94 de 1917, según fué promulgada en 1919 en virtud de sentencia del Tribunal Supremo de Puerto Rico y aprobada de nuevo en 1931 (Ley núm. 38, pág. 357.) Se cita el caso de *Hamburger Bros. & Co.* v. *Corte de Distrito,* 38 D.P.R. 393, en el sentido de que es directamente aplicable.

"El argumento en lo relativo a las disposiciones imperativas de la Ley de Desahucio, es, a mi juicio, inaplicable. Ese estatuto presupone el pago de los honorarios que fueren necesarios para la prosecución del litigio. El deber de la corte o del secretario es fijar una fecha próxima para la vista e incluir el caso en el calendario, mas no existe disposición alguna al efecto de que esto deba hacerse libre de derechos.

"Los incisos A, B, C, K, M y N de la sección 2, de la Ley núm. 17 de 1915, leen así (Leyes de ese año, pág. 46):

" 'Arancel de los derechos que deberán pagarse a los secretarios.

" 'A.—Por cada demanda en pleito civil contencioso ante las cortes de distrito_____ $5.00

" 'B.—Por la primera alegación del demandado en pleito civil contencioso, sea contestación, excepción previa o moción en la corte de distrito_____ $5.00

" 'C.—Por entrar una causa en el calendario y señalarla para juicio_____ $5.00

" 'K.—Por cada demanda en desahucio por falta de pago, en las cortes de distrito o municipal_____ $2.00

" 'M.—Por cada petición en recursos extraordinarios_____ $3.00

" 'N.—Por cada oposición de una parte cualquiera en recursos extraordinarios_____ $2.00'

"Las secciones 1 y 2 de la Ley Núm. 94 de 1917 ((2) Apéndice, pág. 19) proveen:

" 'Sección 1.—Cualquiera de las partes en un pleito pendiente ante una corte de distrito o municipal puede solicitar del secretario, previa notificación a la parte o partes contrarias, con cinco días de antelación a la vista, que cualquier moción, moción eliminatoria, o excepción previa, se incluya en un calendario especial, el cual será leído, y celebradas las vistas de los asuntos incluídos en el mismo, el lunes de cada semana. El solicitante adherirá a su primera solicitud de inclusión en el calendario de mociones y excepciones, el sello de rentas internas correspondiente, de acuerdo con el arancel, y acompañará a dicha solicitud la prueba de haber notificado a las demás partes. El secretario notificará inmediatamente a todas las partes interesadas mediante tarjeta postal o copia del calendario, el señalamiento de la vista, haciéndolo constar en autos.

" 'Sección 2.—El viernes de cada semana será dedicado por las cortes que de ellos tengan jurisdicción a la vista de los asuntos exparte, procedimientos legales especiales, procedimientos contenciosos sumarios y juicios en rebeldía, formándose el lunes inmediatamente precedente, el calendario de todos los casos de la naturaleza mencionada, la inclusión de los cuales se hubiere solicitado por las partes. Por orden de la corte, inserta en las minutas, podrán incluirse en el calendario otros casos, con posterioridad a dicho día.' Apéndice al Tomo II de las Leyes de 1917, pág. 19.

"Los peticionarios tratan de hacer que su caso caiga dentro de la opinión dictada en *Lebrón* v. *Montalvo,* 45 D.P.R. 14. Ése era un

interdicto posesorio, y este Tribunal en su opinión, refiriéndose a la sección 2 de la Ley núm. 17 de 1915, supra, dijo:

" 'El apartado B, a nuestro juicio, se refiere a pleitos civiles contenciosos, de carácter ordinario. No puede referirse al remedio que concede la ley proveyendo procedimientos para recobrar la posesión de propiedad inmueble. La demanda o escrito inicial en este procedimiento debe pagar $3 de acuerdo con el apartado M; la oposición a dicho escrito debe pagar $2, conforme el apartado N. Este procedimiento no puede ser incluído en el apartado A porque está comprendido dentro del apartado M, toda vez que se trata de un recurso extraordinario.'

"El caso de Lebrón, supra, fué un caso muy fuerte, toda vez que un *injunction* es claramente un remedio extraordinario. Se dió énfasis a la naturaleza extraordinaria del remedio en contraposición a la naturaleza ordinaria de los pleitos civiles corrientes y se mencionó, incidentalmente, la naturaleza sumaria de los recursos extraordinarios. No existe duda alguna en torno a la naturaleza sumaria de un pleito de desahucio, mas hay poca base para clasificarlo como uno de índole extraordinaria. Los peticionarios, a mi juicio, no presentan un caso ni bajo la citada Ley 17 de 1915 ni bajo el caso citado.

"El caso de Hamburger se refiere a la inclusión en el calendario luego de anotada la rebeldía. De ordinario la prueba aducida después de registrada una rebeldía, de requerirse tal prueba, es limitada en extremo. En un gran número de los casos el secretario mismo dicta la sentencia, sin intervención de la corte. Específicamente esa decisión excluía tan sólo casos en rebeldía.

"El caso de Lebrón, supra, podría considerarse como que cae dentro del principio de *expressio unius* al excluir del alcance del inciso C de la sección 2 de la Ley de 1915, supra, tan solo los casos iniciados mediante recursos extraordinarios. Conforme hemos dicho antes, un pleito de desahucio no es en forma alguna un recurso extraordinario. El caso de Lebrón, por ende, podría considerarse hasta cierto punto como que demuestra una tendencia contraria al de Hamburger. Difícilmente pudo ser la intención de la Asamblea Legislativa que un procedimiento de desahucio en que estuviesen envueltas serias controversias y que en muchos casos necesita dos vistas, fuera excluído del pago de los derechos arancelarios.

"Debo confesar, sin embargo, que el razonamiento del caso de Hamburger parece sostener, hasta cierto punto, la contención de los peticionarios. Personalmente, ahora no estoy de acuerdo con el caso de Hamburger. Aunque la sección 1 de la Ley de 1917 se refiere al

pago de los correspondientes sellos de rentas internas, 'por la inclusión en el calendario de mociones y excepciones,' nada aparece en las secciones 1 ó 2 de dicha ley, que trate de fijar ninguna clase de derechos. Todo el fin de dicha ley fué proveer calendarios especiales para ser oídos en determinadas formas. No se desprende intención alguna de destruir o abrogar el arancel de derechos fijado por la ley de 1915.

"La Ley de 1917, supra, fué declarada nula mediante una decisión de la Corte de Circuito de Apelaciones en el caso del Teléfono (*People of Puerto Rico* v. *P. R. Telephone Co.*, 47 F. (2d.) 484). Empero, en 1931 la Asamblea Legislativa aprobó otra ley que lee substancialmente igual que la anterior de 1917. Las secciones 1 y 2 fueron reenactadas. Por tanto, la Ley de 1931 no puede ser distinguida de la de 1917. Sin embargo, la Ley de 1917 fué declarada nula, y técnicamente su interpretación no sería obligatoria para el juez de una corte inferior. Podría ser dudoso que un juez de este Tribunal, en funciones de turno, corresponda a la categoría de juez de una corte inferior. Necesariamente la opinión de este Tribunal de ordinario debe prevalecer hasta que sea revocada por la corte misma.

"Como estoy tan plenamente convencido de que deben pagarse los derechos de arancel en este caso, dadas todas las circunstancias arriba enunciadas y considerando que la idea prevaleciente de la Asamblea Legislativa fué fijar los derechos provistos en la Ley de 1915, me siento obligado a sostener la actuación de la corte inferior.

"El caso ha sido muy dificultoso. Me fué presentado el 22 de octubre de 1937, precisamente antes de entrar la Corte en su período ordinario de sesiones. No me fué sometido finalmente para su decisión hasta el 1 de diciembre de 1937, y tenía más o menos que ocupar el lugar que le correspondía, al igual que otros casos que se hallaban pendientes ante el Tribunal. El mejor procedimiento por parte de los peticionarios hubiera sido presentar el caso ante la corte en pleno. Podemos darnos cuenta de que el objeto de los peticionarios fué obtener una resolución sobre el particular, pues, si su deseo hubiera sido que el caso se resolviera prontamente, habrían podido haber pagado los cinco dólares exigidos como derechos de calendario.

"Debe anularse el auto expedido."

■■ De conformidad con los términos de la sección 1 de la Ley aprobada el 10 de marzo de 1904 (sección 1259 de los Estatutos Revisados y Códigos de Puerto Rico, 1911), el secretario de la corte de distrito "desempeñará aquellos deberes que le estén prescritos en los Códigos de Enjuiciamiento

Civil y Penal, y todos aquellos deberes que le fueren asignados por los reglamentos y prácticas del tribunal.''

Las primeras dos reglas de las cortes de distrito leen así:

"Regla 1.—Con anterioridad al comienzo de cada término de la Corte, el Secretario preparará un CALENDARIO de los pleitos civiles que se encuentren listos para juicio.

"Regla 2.—Durante cada término habrá dos llamamientos de calendario;

"(1) Uno preliminar para averiguar el carácter y condición de los pleitos; y

"(2) Un segundo llamamiento para preparar para juicio los pleitos y hacer los señalamientos correspondientes.

"El orden de los pleitos en los calendarios puede ser alterado por la Corte y asimismo puede ser suspendida por la Corte la vista de dichos pleitos. En el llamamiento preliminiar del calendario, los casos se dispondrán por el orden en que aparezcan radicados.''

Entre los derechos autorizados por la sección primera de otra ley aprobada el 10 de marzo de 1904 (sección 1301 de los Estatutos Revisados y Códigos de Puerto Rico, 1911), está el de 50 centavos ''por anotar una causa en el 'Calendario' y hacer una copia del mismo para los abogados.''

La Ley de Desahucio fué aprobada el 9 de marzo de 1905. La sección 8 de esa ley (hoy día artículo 627 del Código de Enjuiciamiento Civil, edición de 1933) lee así:

"Citado el demandado y entregada que sea la citación diligenciada al secretario, éste incluirá inmediatamente el asunto en el calendario.''

Puede admitirse que un pleito de desahucio no es un procedimiento extraordinario dentro del significado del párrafo M de la sección 2 de la ley de 1915. Puede admitirse que aun si ello no fuere así, un procedimiento de desahucio no estaría exento del pago de los derechos prescritos por el párrafo C de esa sección. Puede admitirse que los párrafos A, B, K, M y N, al igual que la decisión de este Tribunal en *Lebrón* v. *Montalvo,* supra, tienen poco o nada que ver con la cuestión que ahora está ante nos.

Conforme se indicó en la opinión que antes se ha citado en su totalidad, éste fué y es un caso difícil. Es un caso que, como materia de primera impresión, pudo ser resuelto en uno u otro sentido. La cuestión, sin embargo, no es nueva en este tribunal. Fué resuelta de plano por una decisión unánime emitida en el recurso de *Hamburger Bros. & Co.* v. *Corte de Distrito,* supra.

El caso de Hamburger, fué resuelto en junio de 1928. Tres años más tarde la Asamblea Legislativa de Puerto Rico —es de presumirse que con pleno conocimiento de esa opinión—reenactó sin modificación alguna las disposiciones ya interpretadas por este tribunal. Por más de una década la doctrina del caso de Hamburger no ha sido impugnada. Fué aceptada sin reparo alguno y ratificada en el caso de *Badillo* v. *Hidalgo,* 46 D.P.R. 346. El caso no debe ser revocado ahora meramente porque la cuestión envuelta era debatible o dudosa y pudo ser resuelta de manera distinta.

*Debe revocarse la sentencia que anuló el auto expedido, dejarse sin efecto la orden de la corte de distrito y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Sr. Wolf se inhibió.