450

MARIO MERCADO E HIJOS, demandante y apelada, v. RODOLFO CHARDÓN, demandado y apelante.

Núm. 8106.—*Sometido:* Junio 11, 1940. *Resuelto:* Julio 26, 1940.

E. *Huertas Zayas,* abogado del apelante; *Fernando Zapater,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Mario Mercado e Hijos, una sociedad civil agrícola domiciliada en Ponce, en agosto 26, 1938, y ante la corte del distrito, demandó a Rodolfo Chardón, un agricultor y vecino del mismo municipio, en solicitud de una sentencia ordenándole que cesara en los actos de perturbación que le imputa, con imposición de costas y honorarios de abogado.

A tal efecto alegó que era dueña y estaba en la posesión material con un año de anterioridad a la interposición de su demanda y lo estaba en la actualidad, de dos fincas, una de ciento cuarenta y ocho cuerdas de terreno, situada en el barrio de Magueyes, y otra de setenta y nueve en los barrios de Canas y Magueyes; que para la entrada y salida de esas fincas y para la conducción de los productos de las mismas, con más de un año de anterioridad también a la fecha de la demanda, ha venido utilizando continuamente un camino que partiendo del kilómetro 3 de la carretera de Adjuntas a Ponce, en un ancho de dos metros y medio, y una longitud de más de setenta, se extiende en dirección noroeste, atravesando el río Canas, y llega a sus dichas fincas, siendo el camino necesario para su explotación.

Y alegó además, que el 23 de julio de 1938 el demandado personalmente y por medio de sus peones y empleados, sin el consentimiento y contra la voluntad de la demandante, comenzó a acumular y acumuló piedras, tierra, escombros y otros materiales en toda la longitud del camino en la margen este del río en forma tal que ha quedado obstruído para el paso de personas, animales y carretas, y que requerido para que removiera la obstrucción y se abstuviera de seguir acumulando materiales en el indicado sitio, se negó a ello, motivo por el cual acude la demandante a la corte para que de acuerdo con la Ley núm. 43 de 1913 (pág. 85) lo ampare en su derecho.

El demandado presentó una moción eliminatoria que fué declarada con lugar en parte. Excepcionó entonces la demanda porque no determinaba una causa de acción, y su excepción fué desestimada. Contestó. Negó ciertos hechos y aceptó que la demandante había venido utilizando ocasionalmente el camino de que se trata, pero negó que éste tuviera setenta metros por dentro de la finca que administra el demandado hasta llegar al río y que fuera utilizado para la conducción de los productos de las fincas de la demandante, alegando que dichos productos son conducidos por otro camino

bueno y amplio que tiene paralelo al que se dice obstruído, negando que hubiera realizado los actos de perturbación que se le imputaran y que fuera requerido como se dice en la demanda.

Como "defensas especiales" alegó el demandado que es administrador del terreno por donde cruza el camino; que al usarlo desde hacía menos de un año la demandante se había desviado en su entrada y venía utilizando una faja de trece metros paralela a la carretera, produciendo con ello, por lo blando del terreno, una hondonada donde se acumulaban las aguas, con daño de un solar de la finca y de la carretera, lo que dió lugar a que los empleados del Departamento del Interior del Gobierno de la Isla le notificaran para que corrigiera el mal, siendo al tratar de hacerlo que rellenó la hondonada, pero únicamente hasta la entrada del camino cuyo tráfico no fué obstruído en momento alguno; que al propio tiempo que el camino de que se trata, la demandante utiliza otros dos dentro de la finca que administra el demandado y que están a veinte o treinta metros del primero, y que lo que la demandante interesa obtener mediante esta acción, es una sentencia que le sirva de título para una servidumbre de paso que no tiene.

Fué el pleito a juicio practicándose una larga prueba y luego una inspección ocular. Sometido finalmente sin argumentación, la corte lo falló en contra del demandado. Éste interpuso el presente recurso de apelación, imputando a la corte sentenciadora la comisión de once errores.

■ Por el primero se queja de que su moción eliminatoria no se declarara totalmente con lugar. Sostiene que debieron eliminarse por completo las alegaciones que la demanda contiene acerca de que la demandante es dueña de las dos fincas que describe en su demanda y de que para su explotación era el camino necesario, y quizá tenga razón, porque en verdad lo único que es necesario alegar en un caso de esta naturaleza es la posesión del camino.

Empero, si hubo error, no lleva consigo la revocación de la sentencia, porque no fué perjudicial. Las alegaciones cuya eliminación se pidió tienden a explicar el porqué del uso del camino y el motivo de la reclamación.

■ Por el segundo señalamiento se sostiene que erró la corte al declarar sin lugar la excepción previa. Se insiste en que la privación del uso de un camino no puede servir de base para el interdicto, pero ésa es una cuestión resuelta repetidamente por esta corte en sentido contrario a la contención del apelante. *Echcvarría* v. *Saurí,* 38 D.P.R. 737; *Fernández* v. *González,* 41 D.P.R. 726; *Fajardo Sugar Co.* v. *Central Pasto Viejo,* 41 D.P.R. 825 e *Iglesia Católica* v. *Puig,* 52 D.P.R. 773. No hubo error.

Por el sexto error se renueva la cuestión suscitada por el segundo que acabamos de resolver que no fué cometido.

■ Los errores tercero, cuarto, séptimo, octavo y noveno atacan en general o en particular la apreciación de la evidencia por la corte de distrito.

Dicha evidencia como comenzó diciendo la corte en su relación del caso y opinión, fué contradictoria. El conflicto se resolvió en contra del demandado. Éste impugna desde diferentes ángulos la resolución de la corte y su impugnación no nos convence de que la corte actuara movida por pasión, prejuicio o parcialidad o cometiera manifiesto error. Cualquiera apreciación errónea que hubiera podido hacer en el curso de su opinión, no perjudicaría su sentencia si ésta se sostiene, como se sostiene en efecto, prescindiendo de ella. La existencia del camino fué admitida. Su uso, aunque calificándolo de incidental, también. Y su obstrucción fué declarada probada, encontrándose en la transcripción base suficiente para fundar la declaración. No debe perderse de vista que la corte practicó una inspección ocular y pudo apreciar por sí misma que el camino fué obstruído.

Por el quinto error se sostiene que la sentencia dictada no podría cumplirse sin violentar la propiedad ajena. Carece de fundamento. No se ordena al demandado que interfiera

con la carretera. Estos casos resultan difíciles cuando las partes no quieren entenderse. Si de buena fe y con el deseo de tomar en consideración todos los intereses envueltos, demandante y demandado se pusieran de acuerdo con el Departamento del Interior para arreglar debidamente el punto en que el camino y la carretera se encuentran, lo conseguirían fácilmente, con beneficio para ellos y para todos los que usan el camino. Si lo gastado en el pleito, surgido seguramente porque nadie quiso ceder y cada uno quiso imponer a su manera su voluntad, se hubiera empleado en el arreglo del camino, éste estaría en iguales, quizá en mejores condiciones que la carretera.

■ El décimo error se formula así:

"Erró la corte inferior al declarar con lugar la demanda sin que se probara la capacidad de la supuesta Sociedad-Agrícola 'Mario Mercado e Hijos'."

Carece de mérito. Aunque por el hecho primero de la contestación se niega el primero de la demanda por el cual se alegó la existencia de la sociedad demandante, es lo cierto que de las restantes alegaciones de la contestación puede deducirse que se admite la existencia de la misma. Además, se demostró en el juicio a virtud de la presentación de cierta escritura que la sociedad existía para el año 1938, fecha de la presentación de la demanda.

■ Con respecto al error undécimo que es el último, el apelante dice en su alegato que renuncia a su discusión y la apelada manifiesta en el suyo que "de acuerdo con el caso de *Lebrón* v. *Montalvo,* 45 D.P.R. 14, nos allanamos en que la partida de $10 se rebajara a $8, o sea $3 radicación del recurso y $5 por el señalamiento en el calendario, ya que la ley de arancel fija un sello de $5 por 'entrar una causa en calendario o señalar cualquier incidente', y no distingue entre casos civiles ordinarios o extraordinarios."

Con ese allanamiento que se tomará en consideración al liquidar las costas, *debe confirmarse la sentencia recurrida.*

El Juez Asociado Sr. De Jesús no intervino.