José Monserrate Deliz, peticionario, *v.* Corte de Distrito de Aguadilla, Hon. Enrique S. Mestre, Juez, demandada.

Núm. 1222.—*Sometido:* Diciembre 2, 1940. *Resuelto:* Enero 16, 1941.

*José M. Valentín Esteves,* abogado del peticionario; *José Veray, Jr.,* abogado del demandado en el pleito principal.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Éste es un recurso de *certiorari* en el que está envuelta la cuestión de si para que una moción presentada en una corte de distrito solicitando la desestimación de una apelación interpuesta en un pleito de desahucio pueda incluirse en calendario especial para verse un lunes, debe llevar adherido un sello de rentas internas de cinco dólares.

La cuestión surgió en la corte de distrito como sigue: Presentada demanda en la Corte Municipal de Aguadilla por José Monserrate Deliz contra Eduardo Muñoz, sobre desahucio de cierta finca rústica, se tramitó el caso y se resolvió por sentencia declarando la demanda con lugar, esto es, decretando el desahucio.

No conforme el demandado, apeló para ante la corte del distrito el ocho de enero de 1940. El 27 del mismo mes pidió a la corte que le prorrogase el término para radicar la transcripción, adhiriendo a su moción un sello de cinco dólares. Los autos quedaron radicados el 11 de marzo de 1940 y el

28 de junio siguiente el demandante apelado presentó una moción solicitando la desestimación del recurso.

Así las cosas, el 22 de julio de 1940 el dicho demandante apelado pidió a la corte que su moción de desestimación fuera "incluída en el calendario especial de mociones y excepciones del próximo lunes 29 de los corrientes para ser vista y resuelta por esta Hon. Corte", agregando:

"4.—Que el demandante apelado no adhiere ni cancela con esta solicitud de señalamiento sello alguno de rentas internas por cuanto de acuerdo con la última jurisprudencia del Hon. Tribunal Supremo de Puerto Rico está exento del pago de derechos de calendario en casos de esta naturaleza." Cita el caso de *Falto* v. *Corte,* 56 D.P.R. 302.

Y la corte resolvió:

"En el caso de *Falto* v. *Corte,* supra, se resuelve que conforme lo dispone la sección 2 de la Ley número 38 de 1931, aprobada sin modificación alguna de las disposiciones ya interpretadas por el Tribunal Supremo, el demandante en un procedimiento no viene obligado a cancelar el sello de rentas internas de cinco dólares que exige el párrafo 'C' de la sección 2 de la Ley número 17 de 1915 (pág. 45) para poder obtener el registro e inclusión de su caso en el calendario para la vista. Por la referida Ley número 38 de 1931 (pág. 357) se crean dos calendarios especiales para la vista de mociones y excepciones previas en los lunes de cada semana; y para la vista de expedientes exparte, procedimientos legales especiales, contenciosos sumarios y juicios en rebeldía para los viernes de cada semana.

"En los casos comprendidos en la sección 2 de la Ley número 38 de 1931, o sea los que se incluyen en el calendario de los viernes, la ley no ha dispuesto que se adhiera sello de rentas internas para la inclusión del caso en el calendario y estimando el Tribunal Supremo que la vista preliminar en un procedimiento de desahucio cae dentro de esta clase de calendario, es claro que el demandante no viene obligado a pagar los derechos de calendario; pero como lo que trata el demandante de obtener es la vista y discusión de la moción por él presentada solicitando la desestimación del recurso de apelación, su solicitud cae dentro de la sección primera de la Ley número 38 de 1931 que prescribe clara y concretamente que la solicitud para la inclusión en calendario especial de mociones o excepciones se ad-

herirá por el solicitante un sello de rentas internas de acuerdo con el arancel, siendo claridad, por tanto, que el demandante no se encuentra en su caso exento del pago de derechos, debiendo, por tanto, adherir a su solicitud un sello de rentas internas de cinco dólares de acuerdo con lo que exige el vigente arancel.''

Fué entonces que el demandante apelado acudió en certiorari a esta Corte Suprema. El auto fué expedido. Señalada la vista para diciembre 2, 1940, se celebró sin asistencia de las partes.

Lo resuelto en el caso de *Hamburger Bros. & Co.* v. *Corte de Distrito*, 38 D.P.R. 393, fué que para "entrar una causa en el calendario especial de los viernes de cada semana creado por la Ley núm. 94 de 1917 (1919, pág. 19) y señalarla para juicio no hay necesidad de pagar derecho alguno." Y aquí como hemos visto no se trata del calendario del viernes si que del del lunes.

Cerca de seis años después del caso de *Hamburger,* supra, esta corte en el de *Badillo* v. *Hidalgo,* 46 D.P.R. 346, 348, dijo:

"La Ley núm. 38, aprobada en 1931, a que se refiere el apelante, es idéntica a la Ley núm. 94 aprobada en 1917, que fué declarada nula, entre otras, por la Corte de Circuito de Boston. Esta ley fué interpretada por este tribunal en el caso de *Hamburger Bros. & Co.* v. *Corte de Distrito,* 38 D.P.R. 393, y lo que dijimos entonces puede aplicarse a la ley actualmente en vigor.

Con anterioridad a la aprobación de esta ley sobre calendarios especiales no existía otro calendario que el general. Hoy hay dos calendarios adicionales ambos de carácter especial: uno para la audiencia de mociones y excepciones previas en los lunes de cada semana a solicitud de cualquiera de las partes de un pleito pendiente, y otro para la audiencia en asuntos exparte, procedimientos legales especiales, contenciosos sumarios, y juicios en rebeldía para los viernes de cada semana. Para la inclusión en el calendario del lunes de mociones y excepciones previas en un pleito pendiente es necesario cancelar un sello de rentas internas de acuerdo con el arancel; para los asuntos que han de verse el viernes de cada semana no se exige derecho alguno.''

Cerca de otros seis años transcurrieron y de nuevo se presentó a esta corte la cuestión—con motivo de un desahucio— en el caso de *Falto* v. *Corte*, 56 D.P.R. 302, y esta corte resolvió, copiando del resumen:

"El desahucio no cae claramente dentro de las disposiciones de la Ley núm. 94 de 1917, según fué promulgada en 1919 (Leyes de 1917 (2), Apéndice, pág. 19) y aprobada de nuevo en 1931 (Ley núm. 38 de 1931, pág. 357) sin modificación alguna de las disposiciones ya interpretadas por este tribunal. Por tanto, el demandante en dicho procedimiento no viene obligado a cancelar el sello de rentas internas de cinco dólares que provee el párrafo C, sección 2 de la Ley núm. 17 de 1915 (pág. 45), para poder obtener el registro e inclusión de su caso en calendario para vista."

Tampoco se trataba en el caso de *Falto*, supra, del calendario del lunes. Considerado el desahucio como un asunto comprendido dentro de los que la ley—sección segunda de la Ley núm. 38 de 1931—disponía que deberían verse los viernes, se resolvió que la inclusión en el calendario de ese día de la vista del desahucio, no requería el pago de derecho alguno. De suerte que nada en concreto ha resuelto hasta ahora esta corte en un caso igual o semejante al que en estos momentos estamos considerando.

Parece en verdad injusto que para incluirse en calendario un desahucio para verse en su fondo nada haya que satisfacer y que para incluirse en calendario una moción de desestimación en el mismo caso para su vista haya que pagar. Sin embargo, tras un estudio detenido de la ley y la jurisprudencia, no vemos que pueda llegarse a otra conclusión.

Se trataba de un pleito pendiente ante la corte de distrito fuera o no de desahucio. La ley no distingue. En él se presentó por una de las partes—la demandante—una moción. Y esa parte pidió que la moción se incluyera para verse en el calendario de un lunes.

Siendo ése el caso, precisa resolver que está cubierto por entero por la sección primera de la ley—Ley núm. 38 de 1931, pág. 357—que expresamente exige el pago del derecho aran-

celario correspondiente. Ésa parece ser, además, la interpretación uniforme de las cortes de distrito de la Isla sobre el particular. Por lo menos lo es la de la Corte de Distrito de San Juan, además de la de Aguadilla.

Habiendo llegado a las anteriores conclusiones, *debe anularse el auto expedido y devolverse el caso a la corte de distrito de su origen para ulteriores procedimientos de acuerdo con la ley.*